# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DONALD GLASS,

               Plaintiff,

    v.

R. BEER, et al.,

               Defendants.

_____/

CASE NO. 1:04-CV-05466-OWW-SMS-P

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL, AND DENYING MOTION FOR SANCTIONS (Doc. 97)

ORDER GRANTING DEFENDANTS' MOTION FOR AN EXTENSION OF TIME NUNC PRO TUNC TO AUGUST 16, 2006, AND AUGUST 25, 2006 (Doc. 101)

## I.    Order

Plaintiff Donald Glass ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's complaint, filed March 22, 2004, against defendants Beer, Keener, Sloss, Morales, and Dill for violation of the Eighth Amendment, and against defendants Beer, Keener, Sloss, Morales, Dill, Butts, Adkison, Gonzales, Castillo, Buckley, Streeter, Marshall, and Lloren for retaliation.  (Doc. 20.)  On June 29, 2006, plaintiff filed a motion to compel and for sanctions.  (Doc. 97.)  Defendants filed an opposition July 18, 2006, and plaintiff filed a reply on August 25, 2006. (Docs. 99 and 108.)

On July 18, 2006, in conjunction with their opposition to plaintiff's motion to compel, defendants filed a motion for leave to act beyond time in serving responses to four of plaintiff's discovery requests.  (Doc. 101.)  Plaintiff filed an opposition to the motion on September 13, 2006, and defendants filed a reply on September 21, 2006.  (Docs. 114, 115.)

1

### A.   **Plaintiff's Motion to Compel and For Sanctions**

Pursuant to the court's order of May 10, 2006, the deadline for the completion of all discovery, including motions to compel, was July 3, 2006. (Doc. 95.) On June 29, 2006, plaintiff filed a timely motion to compel concerning multiple interrogatories, requests for admission, and requests for the production of documents. In addition, plaintiff seeks the imposition of sanctions under Federal Rules of Civil Procedure 11 and 37, and under the inherent authority of the court.

Turning first to procedure, plaintiff did not support his motion to compel with copies of his discovery requests and, where applicable, defendants' responses. This failure would have resulted in the denial of plaintiff's motion on grounds of procedural deficiency had defendants' counsel not invested what must have been a significant amount of work compiling the requisite exhibits in order to make plaintiff's motion whole. Although plaintiff states in his reply that his motion is sufficient given that he is a prisoner proceeding pro se and he encountered difficulty making photocopies, and that the court must be lenient in such situations, plaintiff is mistaken. (Reply, 3:17-4:9.) Leniency toward pro se litigants does not extend to consideration of motions that are so procedurally deficient that they cannot be properly addressed. A motion to compel that is not accompanied by the discovery requests and, where applicable, the discovery responses at issue falls into such a category. No court can resolve a motion to compel when the court has not been provided with the discovery requests and disputed discovery responses. In this instance, however, defendants' counsel cured the deficiency for plaintiff and it is for that reason only that the court can and will proceed to consider the merits of plaintiff's motion.

Next, pursuant to the court's discovery order, litigants must in good faith confer or attempt to confer regarding discovery disputes before seeking court intervention and motions to compel must be accompanied by a certificate stating that the moving party has done so. (Doc. 59.) Although plaintiff states he attempted in good faith to resolve the discovery disputes at issue in his motion prior to involving the court, there are multiple discovery requests at issue in plaintiff's motion which were served over of period of many months. Plaintiff has neither attested to specific facts nor submitted documentary evidence supporting a finding that he attempted to resolve all of the multiple discovery disputes prior to filing his motion to compel.

2

1   Defendants' counsel's letters submitted by plaintiff support a finding that the parties

2   communicated by letter from late January 2006 until mid March 2006.[1] However, the time period

3   and the contents of the letters do not support a finding that good faith attempts were made as to all

4   of various discovery disputes prior to seeking court intervention.  This issue is discussed in further

5   detail in the appropriate subsections that follow.  In light of the significant amount of time plaintiff

6   and defendants have spent on the motion, opposition, and reply, and the significant amount of time

7   the court has invested in reviewing the relevant papers and drafting this order, the court deems it in

8   the interest of justice to resolve plaintiff's motion rather than strike select portions where plaintiff

9   failed to demonstrate he made a good faith attempt to resolve the dispute without involving the court.

10   However, where plaintiff failed to demonstrate he made a good faith effort to resolve the dispute,

11   plaintiff is in no position to demand sanctions against defendants.

12   Finally, defendants are required to "furnish such information as is available" to them in

13   responding to plaintiff's interrogatories, and documents which are in their "possession, custody or

14   control" in responding to plaintiff's request for the production of documents.  Fed. R. Civ. P. 33(a),

15   34(a).  A request for admission requires a defendant admit or deny a fact.  Fed. R. Civ. P. 36(a).  It

16   is permissible for a defendant to fail to admit or deny a fact by stating that he or she lacks

17   information or knowledge to admit or deny the fact.  (Id.)

18   If a defendant objects to one of plaintiff's discovery requests, it is plaintiff's burden on his

19   motion to compel to demonstrate why the objection is not justified.  Plaintiff must inform the court

20   which discovery requests are the subject of his motion to compel, and, for each disputed response,

21   inform the court why the information sought is relevant and why defendants' objections are not

22   justified.  Plaintiff may not simply assert that he has served discovery requests, that he is dissatisfied,

23   and that he wants an order compelling responses.  The necessary information must be set forth in the

24   motion and may not be cured in the reply or other filing.  Defendants are entitled to notice in the

25   moving papers and opportunity to be heard concerning the moving papers.  With these principles and

26   admonitions in mind, the court turns to plaintiff's motion.

27

28   _____

[1] Plaintiff did not provide copies of his letters.

1        **1.**     __Interrogatories__

2            **a.**     __Defendant Buckley - ROGs, Set One__

3        Plaintiff seeks to compel responses to interrogatories 3-13, 17, 18, and 20-25, set one, served

4    on defendant Buckley on June 22, 2005.  (Doc. 97, Motion, 6:5-10; Doc. 99, Opp., Def. Ex. A.)

5    Plaintiff has made no showing that the information sought in each of these interrogatories is relevant

6    or that defendant's objections are not justified.  Plaintiff's motion to compel is denied, without

7    prejudice, on the ground that plaintiff has not met his burden as the moving party.  Plaintiff may file

8    an amended motion to compel, as discussed in greater detail in subsection m.

9            **b.**     __Defendant Castillo - ROGs, Set One__

10       Plaintiff seeks to compel responses to interrogatories 3-13, 17, 18, and 20-25, set one, served

11   on defendant Castillo on June 22, 2005.  (Doc. 97, 6:11-20; Opp., Def. Ex. B.)  Plaintiff has made

12   no showing that the information sought in each of these interrogatories is relevant or that defendant's

13   objections are not justified.  Plaintiff's motion to compel is denied, without prejudice, on the ground

14   that plaintiff has not met his burden as the moving party.  Plaintiff may file an amended motion to

15   compel.

16           **c.**     __Defendant Streeter - ROGs, Set One__

17       Plaintiff seeks to compel responses to interrogatories 3-13, 17, 18, and 20-25, set one, served

18   on defendant Streeter on June 22, 2005.  (Doc. 97, 6:17-22; Opp., Def. Ex. C.)  Plaintiff has made

19   no showing that the information sought in each of these interrogatories is relevant or that defendant's

20   objections are not justified.  Plaintiff's motion to compel is denied, without prejudice, on the ground

21   that plaintiff has not met his burden as the moving party.  Plaintiff may file an amended motion to

22   compel.

23           **d.**     __Defendant Lloren - ROGs, Sets One Through Three__

24       Plaintiff seeks to compel further responses to interrogatories 3, 4, 10, 13-16, and 17 of set

25   one, served on defendant Lloren on June 28, 2005, and 2, 6, and 8-15 of set two, served on defendant

26   Lloren on December 19, 2005, and a response to set three, served on defendant Lloren on April 18,

27   2006.  (Doc. 97, 6:23-7:10; Opp., Def. Ex. D, E, F.)

28   ///

1    Pursuant to Federal Rule of Civil Procedure 33(a), absent leave of court or written

2    stipulation, plaintiff may only serve twenty-five interrogatories - including subparts - on each

3    defendant, period.  The court has not granted plaintiff leave to serve additional interrogatories, and

4    plaintiff has submitted no evidence that defendants stipulated in writing to respond to interrogatories

5    beyond the limit twenty-five.  Plaintiff's contention that defendants' counsel is misrepresenting

6    and/or misunderstanding the rule, made in response to defendants' objection to interrogatories

7    beyond the limit, is without merit.

8    Request number 16 in set one contains subparts that count as three interrogatories.

9    Therefore, set one constitutes 19 of the 25 interrogatories plaintiff is allowed.  Numbers 1-6 of set

10   two complete the allowable number of interrogatories served on defendant Lloren.  Therefore,

11   plaintiff's motion to compel a response to 8-15 of set two and a response to set three is denied on

12   the ground that plaintiff has exceeded the allowable number of interrogatories.  Left at issue are

13   numbers 3, 4, 10, 13-16, and 17 of set one, and numbers 2 and 6 of set two.

14   Plaintiff has made no showing that the information sought in each of these interrogatories

15   is relevant or that defendant's objections are not justified.  Plaintiff's motion to compel is denied,

16   without prejudice, on the ground that plaintiff has not met his burden as the moving party.  Plaintiff

17   may file an amended motion to compel, as to numbers 3, 4, 10, 13-16, and 17 of set one, and

18   numbers 2 and 6 of set two only.

19   **e.    Defendant Beer - ROGs, Set One**

20   Plaintiff seeks to compel responses to interrogatories 2-4, 12(c), 16, 17, 19, 21, 22, and 23,

21   set one, served on defendant Beer on July 4, 2005.  (Doc. 97, Motion, 7:11-15; Doc. 99, Opp., Def.

22   Ex. G.)  Plaintiff has made no showing that the information sought in each of these interrogatories

23   is relevant or that defendant's objections are not justified.  Plaintiff's motion to compel is denied,

24   without prejudice, on the ground that plaintiff has not met his burden as the moving party.  Plaintiff

25   may file an amended motion to compel.

26   Plaintiff also notes in his motion that he served defendant Beer with a third set of

27   interrogatories on May 20, 2006, and in his reply, plaintiff references a second set of interrogatories.

28   ((Motion, 13:8-9; Reply, 10:18-22; Opp., Ex. G, court record pgs. 29-38.)  Plaintiff's first set of

interrogatories directed to defendant Beer surpassed the limit of twenty-five set by the Federal Rules. Therefore, plaintiff is not entitled to any response to his second and third sets of interrogatories served on defendant Beer.

### f. Defendant Dill - ROGS, Sets One and Two

Plaintiff seeks to compel responses to interrogatories 2, 3, 4, 11, 15, 16, 21-25, set one, served on defendant Dill on July 14, 2005, and 1 through 7, set two, served on defendant Dill on February 21, 2006. (Doc. 97, Motion, 7:16-28; Doc. 99, Opp., Def. Ex. H, I.) Plaintiff's motion to compel a response to set two is denied on the ground that plaintiff has exceeded the allowable number of interrogatories. Therefore, left at issue are numbers 2, 3, 4, 11, 15, 16, and 21-25 of set one. Plaintiff has made no showing that the information sought in each of these interrogatories is relevant or that defendant's objections are not justified. Plaintiff's motion to compel is denied, without prejudice, on the ground that plaintiff has not met his burden as the moving party. Plaintiff may file an amended motion to compel, as to numbers 2, 3, 4, 11, 15, 16, and 21-25 of set one only.

### g. Defendant Adkison - ROGs, Set One

Plaintiff seeks to compel responses to interrogatories 2, 3, 4, 13-17, and 19-24, set one, served on defendant Adkison on July 31, 2005. (Doc. 97, Motion, 8:2-7; Doc. 99, Opp., Def. Ex. J.) Plaintiff has made no showing that the information sought in each of these interrogatories is relevant or that defendant's objections are not justified. Plaintiff's motion to compel is denied, without prejudice, on the ground that plaintiff has not met his burden as the moving party. Plaintiff may file an amended motion to compel.

### h. Defendant Keener - ROGs, Set One

Plaintiff seeks to compel responses to interrogatories 2, 3, 4, 13, 14, 15(b-d), 17, 21, and 23-25, set one, served on defendant Keener on August 25, 2005. (Doc. 97, Motion, 8:8-13; Doc. 99, Opp., Def. Ex. K.) Plaintiff has made no showing that the information sought in each of these interrogatories is relevant or that defendant's objections are not justified. Plaintiff's motion to compel is denied, without prejudice, on the ground that plaintiff has not met his burden as the moving party. Plaintiff may file an amended motion to compel.

///

1          **i.      Defendant Gonzales - ROGs, Set One**

2          Plaintiff seeks to compel responses to interrogatories 2, 3, 4, 11, 12, 13, 15, 18, and 19, set

3    one, served on defendant Gonzales on October 5, 2005.  (Doc. 97, Motion, 8:14-19; Doc. 99, Opp.,

4    Def. Ex. L.)  Plaintiff has made no showing that the information sought in each of these

5    interrogatories is relevant or that defendant's objections are not justified.  Plaintiff's motion to

6    compel is denied, without prejudice, on the ground that plaintiff has not met his burden as the

7    moving party.  Plaintiff may file an amended motion to compel.

8          **j.      Defendant Sloss - ROGs, Set One**

9          Plaintiff seeks to compel responses to interrogatories 1-4, 12(a), 17, 18, 20, 21, and 22, set

10   one, served on defendant Sloss on April 9, 2006.  (Doc. 97, Motion, 8:20-25; Doc. 99, Opp., Def.

11   Ex. M.)  Plaintiff has made no showing that the information sought in each of these interrogatories

12   is relevant or that defendant's objections are not justified.  Plaintiff's motion to compel is denied,

13   without prejudice, on the ground that plaintiff has not met his burden as the moving party.  Plaintiff

14   may file an amended motion to compel.

15         **k.      Defendant Morales - ROGs, Set One**

16         Plaintiff seeks to compel responses to interrogatories 1-4, 11, and 15, set one, served on

17   defendant Morales on April 5, 2006.  (Doc. 97, Motion, 9:1-2; Doc. 99, Opp., Def. Ex. N.) Plaintiff

18   has made no showing that the information sought in each of these interrogatories is relevant or that

19   defendant's objections are not justified.  Plaintiff's motion to compel is denied, without prejudice,

20   on the ground that plaintiff has not met his burden as the moving party.  Plaintiff may file an

21   amended motion to compel.

22         **l.      Defendant Marshall - ROGs, Set One**

23         Plaintiff seeks to compel responses to interrogatories 1-10, set one, served on defendant

24   Marshall on April 18, 2006.  (Doc. 97, Motion, 9:3-7; Doc. 99.)  Defendant contends that he was

25   unaware of this discovery request until plaintiff filed a motion to compel because it came underneath

26   a request for an extension of time and was not spotted as a discovery request.  (Opp., Def. Ex. F.)

27   In a reply to plaintiff's opposition to their motion for an extension of time to serve a response,

28   ///

7

1 | defendants state that a response to this discovery request was served on August 16, 2006. Therefore,
2 | plaintiff's motion to compel a response has been rendered moot.

3 | With respect to sanctions, plaintiff's motion based on defendant Marshall's failure to serve
4 | a response is denied. Plaintiff has made no showing that he attempted to resolve this dispute prior
5 | to involving the court. Indeed, the most recent letter from defendants' counsel that plaintiff submits
6 | as evidence he first attempted to resolve his discovery disputes is dated March 15, 2006. (Motion,
7 | Ex. A, Court Record pg. 41.) Plaintiff did not serve this interrogatory set until April 18, 2006. The
8 | court has exercised its discretion to consider plaintiff's motion rather than strike it in part or deny
9 | it in part for failure to comply with the discovery order mandate. However, having failed to follow
10 | the court's discovery order and make a preliminary showing that he attempted to resolve this dispute,
11 | plaintiff is in no position to seek sanctions against defendant with respect to this request.

12 | **m.   Conclusion**

13 | Plaintiff is granted leave to file an amended motion to compel further responses to his
14 | interrogatories so that he may, for each request, identify the relevance and state, briefly if possible,
15 | why the objection is not justified. Plaintiff's amended motion is due within thirty days from the date
16 | of service of this order. Although the court has neither the resources nor the inclination to review
17 | every interrogatory plaintiff seeks to compel a response to at this juncture given plaintiff's failure
18 | to meet his burden, the court notes a pattern of questioning it does not view with favor. For example,
19 | plaintiff sought to compel the social security numbers, dates of birth, and cities and counties of
20 | residence for correctional staff. (*See e.g.*, Sloss Rogs, Doc. 97, Motion, 8:26-9:2; Doc. 99, Opp.,
21 | Def. Ex. N.) The court can envision *no* circumstance under which this information is discoverable
22 | by plaintiff. It appears irrelevant and calculated to place in jeopardy the private, personal
23 | information of correctional staff.

24 | Further, a number of plaintiff's interrogatories were framed in argumentative, inflammatory
25 | language that do not lend themselves to proper responses. For example, plaintiff asks defendant
26 | Adkison, "Did You and defendant Gonzales Refused to Process Donald Glass's CDC-193 Trust
27 | Account Withdrawal Orders to Prevent him from Mailing It Out for Repair and to Steal It for
28 | Yourselves in Retaliation for Donald Glass filing Appeal Numbers: CSP-C-5-01-1349, CSP-C-5-01-

1499?"  (Opp. Ex. J, Number 24.)  Plaintiff's allegations in this action are in dispute.  Some of plaintiff's interrogatories are worded in such an argumentative way that they make it virtually impossible for defendants to answer.

Finally, plaintiff is seeking to compel further responses to some interrogatories that have been answered.  For example, plaintiff asks defendant Lloren, "Was The $5,85 dollar hold That you placed on Donald Glass's Inmate Trust Account "Twice" A Mistake or was It done knowingly And Willfully solely for The purpose To harass or Extortion And/or To mismanage Donald Glass's Inmate Trust Account Funds?" (Opp. Ex. D, Number 14.)  Defendant objected but notwithstanding the objections, answered, "I do not recall this specific hold.  As a general practice, I processed all trust withdrawals according to office procedures." (Id.)  If a question has been asked and answered, plaintiff may seek to compel a further response if he can make a showing that the answer is incomplete or non-responsive.  Plaintiff may not seek to compel an answer simply because he does not like the answer and would prefer a different one.  Further, a bare assertion that answer is not honest is not grounds to compel.

Plaintiff is being given an opportunity to file an amended motion to compel so that he may make the required showing as to each interrogatory he is seeking to compel a response to (why it is relevant and why defendants' objections are not justified).  Plaintiff is cautioned to review this order very carefully.  If the court finds that plaintiff is improperly seeking to compel responses in his amended motion, plaintiff will find himself facing sanctions under the court's inherent authority for harassing the court and defendants' counsel, and wasting the resources of this court and defendants' counsel.

Because defendants' counsel invested a significant amount of time making plaintiff's motion whole with respect to exhibits and responding to the discovery requests at issue in the motion, defendants are not required to respond to plaintiff's amended motion to compel further responses to his interrogatories, unless they wish to do so.  Further, because the court has already been provided with the interrogatories and responses thereto via defendants' opposition, it is unnecessary for any party to resubmit them and plaintiff is specifically instructed not to clutter the record by submitting those duplicate exhibits.  In drafting his amended motion to compel, when and where necessary,

plaintiff should simply cite to the relevant exhibit attached to defendants' opposition dated July 17, 2006, and the court will go back and review that exhibit when resolving plaintiff's amended motion to compel.  In addressing the relevancy, plaintiff should identify which claim the discovery is relevant to and why it is relevant.  For example, "The information sought in number 2 is relevant to my claim that defendants retaliated against me by damaging the plug on my TV because . . . ."  Plaintiff's organization of discovery requests in his motion to compel by type and by defendant is appreciated, and plaintiff should follow the same format, albeit with slightly more information than that found in his original motion.

### 2.     Requests for Admission

#### a.     Defendant Lloren - RFA, Set One

Plaintiff moves for an order determining the sufficiency of defendant Lloren's answers and objections to numbers 1, 2, 8, and 10-14.  (Doc. 97, Motion, 9:8-12; Doc. 99, Opp. Ex. P.)  In his reply, plaintiff narrows his motion to 8, 10, 12, 13, and 14 only.  (Reply, 21:14-23:10.)

**RFA 8:** Defendant's objection is justified.  Whether or not plaintiff has a liberty interest in his trust account funds is a legal question.  Plaintiff's argument that defendant's responses are drafted by an attorney who can answer the question is without merit.  Plaintiff's discovery request is directed at defendant Lloren and defendant Lloren must be able to admit or deny the fact.  It is wholly irrelevant that defendant Lloren is represented by counsel, who is drafting the responses.  Plaintiff may not require defendant's counsel to answer legal questions via discovery.  Plaintiff's motion to compel a further response is denied.

**RFA 10:** This request is argumentative and harassing.  Defendant's objection is justified, and the response provided notwithstanding the objection is sufficient.  Plaintiff wanted defendant to admit that a specific inmate appeal was exhausted.  Defendant did so, and plaintiff is entitled to no further response.  Plaintiff's motion to compel a further response is denied.

**RFAs 12, 13, and 14:** A party may fail to admit or deny a fact based on lack of information or knowledge if the party states he or she has made a reasonable inquiry and the information known or readily obtainable is insufficient to allow him or her to admit or deny the fact.  Fed. R. Civ. P. 36(a).  Defendant responded by making the required statement and the responses are therefore

1   sufficient, absent a showing to the contrary, which plaintiff has not made.  Plaintiff's motion to

2   compel responses is denied.

3                    **b.      Defendant Buckley, Castillo, and Streeter - RFAs, Set One**

4          Plaintiff moves for an order determining the sufficiency of defendants' answers and

5   objections to numbers 6-8, 10-13, 15-20, and 22-23.  (Doc. 97, Motion, 9:8-12; Doc. 99, Opp. Ex.

6   P.)

7          **RFA 6:** Defendants' objections are justified.  Whether or not obstruction of the right to seek

8   redress for grievances is a violation of the First Amendment right to petition the courts and federal

9   government, and whether or not section 1983 is meant to address that very violation are legal

10  questions.  Plaintiff's argument that the court should compel a response because defendants are

11  represented by counsel is without merit.  Plaintiff may not require defendants' counsel to answer

12  legal questions via discovery served on defendants.  Plaintiff's motion to compel a further response

13  is denied.

14         **RFA 7:** Defendants' objections are justified.  This request is compound and unintelligible,

15  and its relevance is not readily apparent to the court.  Plaintiff's motion to compel a response is

16  denied.

17         **RFA 8:** Defendants' objections are justified.  The relevance of this request is not readily

18  apparent to the court.  Plaintiff's motion to compel a further response is denied.

19         **RFA 10:** Defendants' objections are justified.  The relevance is not readily apparent to the

20  court. Plaintiff's assertion that defendants are still retaliating against him, which is the primary claim

21  against them in this action, is unpersuasive.  The events giving rise to the retaliation claims in this

22  action occurred in 2001 and 2002.  Plaintiff's request for admission references events that occurred

23  in 2005.  Plaintiff is cautioned that if he is attempting to use this action to obtain information

24  regarding events that do not pertain to his claims in this action, he may find himself subject to

25  sanctions for discovery abuse.  That admonition will not be repeated in this subsection, but it is also

26  applicable to the remaining requests for admission directed at defendants Buckley, Castillo, and

27  Streeter.  Plaintiff's motion to compel a response is denied.

28  ///

1    **RFAs 11 and 12:** Defendants' objections are justified.  The requests for admission are

2    unintelligible, and their relevance is not readily apparent to the court.  Plaintiff's motion to compel

3    responses is denied.

4    **RFA 13:** Defendants' objections are justified.  The relevance is not readily apparent to the

5    court.  Plaintiff's motion to compel a response is denied.

6    **RFAs 15-20:** Defendants' objections are justified.  The relevance of these requests for

7    admission are not readily apparent to the court.  Plaintiff's motion to compel responses is denied.

8    **RFAs 22 and 23:** Defendants' objections are justified.  The relevance of these requests for

9    admission are not readily apparent to the court.  Plaintiff's motion to compel responses is denied.

10                    **c.    Defendant Butts - RFA, Set One**

11    Plaintiff served requests for admission, set one, on defendant Butts on January 12, 2006.

12    (Motion, 10:4-5.)  In a letter dated January 23, 2006, defendants' counsel notified plaintiff that his

13    discovery requests, which included this RFA to defendant Butts, were untimely and no response was

14    required.  (Id., pg. 37.)  In the letter, defendants' counsel acknowledged plaintiff's pending motion

15    for an extension of time but noted that the time for serving discovery had elapsed.  (Id.)  In a

16    subsequent letter dated February 23, 2006, defendants' counsel noted that plaintiff's motion for an

17    extension of time had been granted on February 22, 2006, and reasoned that with discovery

18    resurrected, defendants' responses were due on April 8, 2006, which was forty-five days from the

19    court's order.  (Id., pg. 39.)  Plaintiff's position is that defendants willfully refused to cooperate and

20    have acted unscrupulously, warranting sanctions.  (Id., 11:1-3.)

21    Defendants state in their opposition that the Butts RFA was filed in the case file rather than

22    processed due to excusable neglect, and that despite their correspondence, plaintiff did not notify

23    them that the responses had not been served.  (Opp., 33:13-18.)  In a separate motion, defendants

24    seek an extension of time to respond.  (Id.)  In his reply, plaintiff contends that defendants concede

25    "they really don't read or respect pro-se prisoner litigants paper(work) documents because they are

26    not lawyers, incompetent or unintelligent as the primary reasons for refusing to cooperate and

27    respond to admission requests to defendants . . . ," and "were very much aware of all discovery

28    ///

1  requests but ha[d] absolutely no intentions on cooperating . . . , even def[ying] plaintiff to file a

2  motion to compel." (Reply, 26:6-13.)

3      On May 19, 2005, the court issued a scheduling order setting the deadline for the completion

4  of all discovery for January 27, 2006. (Doc. 59.) The parties were notified that discovery responses

5  are due forty-five days after service of discovery requests, and that discovery requests must be served

6  at least forty-five days before the discovery deadline to ensure that the responding party has time to

7  respond before the deadline. (Id., ¶¶2-3.) Plaintiff filed a motion seeking an extension of the

8  discovery deadline on January 19, 2006, and on February 22, 2006, the court granted the motion and

9  extended the discovery deadline to June 1, 2006. (Docs. 87, 91.) On April 20, 2006, plaintiff sought

10  another extension of the discovery deadline. (Doc. 94.) The court granted the motion and extended

11  the deadline to July 3, 2006. (Doc. 95.)

12      Plaintiff did not serve his request for admissions, set one, on defendant Butts in compliance

13  with the court's discovery order. The discovery deadline at that time was January 27, 2006, and

14  plaintiff served his request on January 12, 2006. Defendants' counsel properly notified plaintiff via

15  letter that the request was untimely served and no response was required. Although plaintiff filed

16  a motion for an extension of the deadline on January 19, 2006, the pendency of a motion for an

17  extension does not work to extend the deadline and there is no requirement that the opposing party

18  respond to the untimely served discovery requests. Only if the court grants the motion and extends

19  the deadline may plaintiff again propound discovery and expect a response.

20      On February 23, 2006, the day after the court granted plaintiff's motion and set a new

21  deadline, defendants' counsel sent plaintiff a letter calculating what he believed the new deadline

22  for responding to the previously served discovery requests was - forty-five days after the issuance

23  of the court's order extending discovery. Counsel's position was more than reasonable. Had counsel

24  returned plaintiff's discovery requests to him as untimely or discarded them because they were

25  untimely, plaintiff would have been required by the court to re-serve them on counsel. However,

26  because counsel kept the requests, he was able to calculate the new due date and he notified plaintiff

27  of such. Not only did counsel do nothing improper, he went beyond what was required of him given

28  ///

13

1   that the discovery were requests were not timely served and plaintiff's position to the contrary is

2   without merit.

3          Further, pursuant to the discovery order, parties are required to attempt to resolve their

4   discovery disputes before seeking court intervention.  Plaintiff apparently did not seek to resolve

5   defendant Butts' failure to serve a response to the request for admissions by April 8, 2006.  Although

6   plaintiff accuses counsel of daring him to file a motion to compel, the court's reading of counsel's

7   letter does not support plaintiff's position.  In a letter dated March 15, 2006, counsel stated that

8   although he could not prevent plaintiff from filing a motion to compel, he believed a motion at that

9   time would not be proper because, as set forth in the letter of February 23, 2006, responses were not

10  due until April 8, 2006.  Counsel's position in the letter was reasonable and correct, and in no way

11  constitutes a challenge or dare to plaintiff to file a motion to compel.  Plaintiff's position that counsel

12  defied him to file a motion to compel constitutes a blatant misrepresentation.

13         Having recalculated the deadline for response to be April 8, 2006, and notifying plaintiff of

14  such via letter, defendant Butts erred in failing to serve his response on or before April 8, 2006.

15  However, plaintiff also erred in failing to attempt to resolve the dispute with defendant when no

16  response was served on or before April 8, 2006.  As set forth in detail in this section, defendants'

17  position taken in the letters was the correct one and when defendant Butts failed to serve a response

18  on or before April 8, 2006, plaintiff was obligated under the court's order to attempt to resolve the

19  dispute.

20         Defendants have stated that defendant Butts served his response on August 16, 2006.  (Reply,

21  Doc. 115, 3:22-24.)  Accordingly, plaintiff's motion to compel has been rendered moot as to this

22  dispute and is denied on that ground.  Plaintiff's motion for sanctions arising out of defendant Butts'

23  failure to respond is denied.

24              **d.     Defendant Dill - RFA, Set One**

25         Plaintiff moves for an order determining the sufficiency of defendant Dill's answers and

26  objections to numbers 3, 5-9, 11, 13, 15-17, 21, and 23-24.  (Motion, 11:5-9; Doc. 99, Opp. Ex. U.)

27         **RFA 3:** Defendant's objections are not justified.  Plaintiff seeks an admission or denial that

28  section 3141(c)(3) of Title 15 permits prisoners to correspond confidentially with CDCR wardens.

Admitting or denying this request does not require legal analysis or theory, as defendant contends. Defendant also contends that the regulation speaks for itself. That is not a proper response. If the regulation speaks for itself, and the court agrees that it does, defendant should simply have proffered an admission. Plaintiff's motion to compel a response to this request is granted. Defendant has thirty days to serve a response.

**RFA 5:** Defendant Dill admitted in part and denied in part this request for admission. Plaintiff must take defendant's answer as given and may not move to compel a further response because he does not like the answer. Plaintiff's motion to compel a further response is denied.

**RFA 6:** Defendant's objections are justified. The request is largely unintelligible and is argumentative. Plaintiff's motion to compel a response is denied.

**RFAs 7, 8, 9, and 11:** Defendant's objections are justified. These requests relate to plaintiff's testimony at a trial held in 2003 in an unrelated action in which plaintiff was called as a witness. The relevance is not readily apparent to the court and plaintiff is once again cautioned against using discovery in this action to obtain irrelevant information, lest he find himself subject to sanctions. Plaintiff's motion to compel a response to these requests is denied.

**RFA 13:** Defendant's objections are justified. Plaintiff asked, "Admit or deny that a video tape operated by a sergeant K. Anderson was used to cell extract Donald Glass on October 23, 2001 . . . ." The request is unintelligible as framed. Notwithstanding defendant's objection, he admitted that Anderson operated the camcorder for the October 23, 2001, cell extraction of plaintiff. Plaintiff is entitled to nothing further given how the request was framed.

**RFAs 15, 16, and 17:** Defendant's responses are insufficient in that if defendant is unable to admit or deny the fact because he does not remember the incident, as he asserted, defendant is required to state that he has made a reasonable inquiry and the information known or readily obtainable is insufficient to allow him to admit or deny the fact. However, defendant's objection that the requests are not plain statements of fact are justified. Plaintiff is seeking to include too much in his requests. Requests for admission are used to obtain admission or denial of specific, discrete facts. Plaintiff overloads his requests such that is virtually impossible for defendant to properly admit or deny the request. Even the court is not entirely certain which facts within number 15 are

1   the specific facts plaintiff seeks admission or denial of.  The court has, to provide an example to

2   plaintiff, broken down and re-worded request 15 to the best of its ability as follows:

3         15(a):  Admit or deny that defendant Keener ordered a video taped interview concerning the

4               incident of alleged excessive force on October 23, 2001, be conducted between

5               Donald Glass, Sergeant K. Davis, and another white, male sergeant, while plaintiff

6               was in 4A2L-4A2R building's hallway cell on October 23, 2001.

7         15(b):  Admit or deny that you authorized defendant Keener to order the video taped

8               interview.

9         15(c):  Admit or deny that this interview tape was the second of four video tapes made

10              relating to the incident of excessive force alleged by plaintiff to have occurred on

11              October 23, 2001.

12      Plaintiff's motion to compel a further response to request 15 is granted and defendant shall

13  respond to request number 15, as re-worded by the court, within thirty days.  Plaintiff's motion to

14  compel a further response to 16 and 17 as presently worded is denied.  Plaintiff is responsible for

15  breaking down, re-wording, and re-serving numbers 16 and 17 so that defendant Dill is able to admit

16  or deny specific, discrete facts.

17      **RFA 21:** Defendant's objections are justified.  The request is confusing as framed and the

18  relevance is not readily apparent to the court.  Plaintiff's motion to compel a response to this request

19  is denied.

20      **RFA 23:** Defendant's objections are justified.  The request is compound and confusing as

21  framed.  Notwithstanding defendant's objection, he admitted that plaintiff was ordered to strip and

22  submit to restraints.  Plaintiff must accept the admission as given.  Plaintiff's motion to compel a

23  response to this request is denied.

24      **RFA 24:** Defendant's objections are justified.  This request again relates to plaintiff's

25  testimony at a trial held in 2003 in an unrelated action in which plaintiff was called as a witness.  The

26  relevance is not readily apparent to the court.  Plaintiff's motion to compel a response to this request

27  is denied.

28  ///

###### e.   **Defendant Adkison and Gonzales - RFAs, Set One**

Plaintiff moves for an order determining the sufficiency of defendants' answers and objections to numbers 3, 5-10, 12-17, and 21-24. (Motion, 11:10-21; Doc. 99, Opp. Exs. V, W.)

**RFA 3:** Defendants responded that after reasonable inquiry, the information known or readily obtainable to them is insufficient to allow them to admit or deny the fact. This response is permissible under Rule 36(a). Defendants' responses are sufficient. Plaintiff's motion to compel is denied.

**RFA 5:** Defendants' responses are not sufficient. Defendants are not permitted to admit or deny a fact as re-worded by them to suit themselves. Plaintiff did not ask if defendants were aware that he had a medical chrono authorizing him to possess his Spalding sneakers from PBSP CMO Dr. Johns and Dr. Penner at CSP-Sac. Plaintiff asked defendants to admit or deny that he had such a medical chrono. Plaintiff either did or did not have such a chrono. In the alternative, if, after reasonable inquiry, defendants are unable to admit or deny the fact because the information known or readily obtainable to them is insufficient to allow them to do so, they may so state. Defendants' denial that they were aware plaintiff possessed a chrono for tennis shoes is non-responsive to the actual question asked. Plaintiff's motion to compel a response to number 5 is granted. Defendants have thirty days to serve a response.

**RFA 6:** Plaintiff asked defendants to admit or deny that they refused to issue him his Spalding sneakers on April 16, 2001. Defendants admitted that no entry was made by defendant Gonzales on the SHU inventory sheets dates March 14, 2001, and April 9, 2001, regarding tennis shoes. Defendants' admissions are non-responsive to the question plaintiff asked. Defendants either did or did not refuse to issue plaintiff his Spalding sneakers on April 16, 2001. In the alternative, if, after reasonable inquiry, defendants are unable to admit or deny the fact because the information known or readily obtainable to them is insufficient to allow them to do so, they may so state. Plaintiff's motion to compel a response to number 6 is granted. Defendants have thirty days to serve a response.

**RFA 7:** An admission or denial of this fact requires a legal conclusion concerning whether or not the refusal to issue the Spalding sneakers to plaintiff violated plaintiff's civil rights.

Defendants are not required to answer a question that requires a legal conclusion or legal analysis. Further, once the offending portion of the request is removed, the information sought - whether defendants refused to issue plaintiff his Spalding sneakers and whether the Spalding sneakers were approved and prescribed by medical doctors - has already been asked in requests 5 and 6, which defendants have been instructed to respond to.  Plaintiff's motion to compel a response to this request is denied.

**RFAs 8, 9, and 10:** Defendants' objections are justified.  The relevance of these requests is not apparent to the court.  Plaintiff's motion to compel responses to these requests is denied.

**RFAs 12, 13, and 14:** Defendants' objections are justified.  Plaintiff's property issues relating to his head phones, occurring in November and December 2004, are not relevant to the claims in this action, which accrued in 2001 and 2002.  Plaintiff is on thin ice regarding his persistence in papering defendants with discovery requests that are not relevant to his claims in this action.  It matters not that there are retaliation claims in this action and plaintiff is seeking information on other retaliatory acts that occurred after this lawsuit was filed.  The subsequent retaliatory acts are not at issue in this suit and are not properly the subject of discovery.  Plaintiff's motion to compel a response to these requests is denied.

**RFA 15:** Defendants' objections are justified.  Plaintiff is asking defendants to admit or deny that a CDCR regulation violates the First Amendment of the United States Constitution.  This is a legal question that requires legal analysis and/or conclusion, and defendants are not required to respond to such a question.  Plaintiff's motion to compel a response to this request is denied.

**RFAs 16 and 17:** Plaintiff's motion to compel a response to these requests is denied on the same grounds that his motion to compel a response to requests 12, 13, and 14 was denied.  The information sought is not relevant to the claims in this action.

**RFA 21:** Plaintiff asked defendants to admit or deny that they, as IV-A property officers on CSP-COR SHU Facility, Second Watch, do not handle inmates' mail.  Defendants' admission that Third Watch staff general distribute inmate mail is non-responsive to the question plaintiff asked.  Defendants, as Second Watch property officers, either do or do not handle inmates' mail.  Plaintiff's

///

1    motion to compel a response to number 21 is granted.  Defendants have thirty days to serve a
2    response.

3        **RFA 22:** Defendants' objections to this request are justified.  Notwithstanding the objections,
4    defendants denied that plaintiff's mail was flagged.  Plaintiff is not entitled to a further response, and
5    his motion to compel is denied.

6        **RFA 23:** Defendants' objections to this request are justified.  Once again, plaintiff's chose
7    loaded descriptions such as "tampering," "lawfully," and "unlawfully," which impedes defendants'
8    ability to admit or deny a specific fact.  Removing those terms, to the extent that plaintiff wants
9    defendants to admit or deny that opening letters and packages in Receiving & Release rather than
10   in the IV-SHU facility property office violates federal law, plaintiff is again impermissibly seeking
11   an admission or denial of a legal question.  Plaintiff's motion to compel is denied.

12       **RFA 24:** Defendants' response is not sufficient.  If defendants are unable to admit or deny
13   that Officer Smith did not work in R&R in late 2001 through February 1, 2002, they must state that
14   they made a reasonable inquiry and the information known or readily obtainable to them is
15   insufficient to allow them to admit or deny the fact.  Plaintiff's motion to compel a further response
16   to number 24 is granted.  Defendants have thirty days to serve a response.

17                    **f.    Defendant Morales - RFA, Set One**

18       Plaintiff moves for an order determining the sufficiency of defendant's answers and
19   objections to numbers 1, 2, 6-10, 12-13, 18, and 23-24.  (Motion, 11:22-27; Opp. Ex. X.)

20       **RFA 1:** Defendant's objection is justified.  Whether or not plaintiff has a federally protected
21   right to file inmate appeals without being punished or retaliated against is a legal question.
22   Notwithstanding the objection, defendant admits that section 3084.1(d) of Title 15 provides that no
23   reprisals shall be taken for filing an inmate appeal.  Plaintiff's motion to compel a further response
24   is denied because plaintiff may not force defendant to admit or deny a fact which requires a legal
25   conclusion.

26       **RFA 2:** Plaintiff sought an admission or denial that this action was filed on March 18, 2004.
27   The complaint in this action was filed on March 22, 2004, and defendant admitted to the fact as
28   ///

corrected to state March 22, 2004.  It is unclear why plaintiff is seeking to compel a different response.  Plaintiff's motion to compel is denied.

**RFAs 6-9:** Defendant's objections are justified.  Whatever actions defendant did or did not take in March of 2004, retaliatory or not, are irrelevant to the claims in this action. Plaintiff's motion to compel responses to these requests is denied.

**RFA 10:** Defendant's objection is partially justified.  This request is impermissibly compound, and it is irrelevant whether or not defendant is currently a CDCR correctional officer at CSP-Cor assigned to IV-A SHU facility, 4A2L building.  However, whether or not defendant was a CDCR correctional officer at CSP-Cor assigned to IV-A SHU facility, 4A2L building on October 23, 2001, is relevant given that plaintiff alleges an incident of excessive force occurred on that day involving defendant.  Plaintiff's motion to compel is partially granted and defendant shall respond to the relevant portion of the request as identified by the court within thirty days.

**RFA 12:** Defendant's objection is justified.  Plaintiff's request concerning his housing assignment is vague as to time frame and irrelevant if the question refers to the present.  To the extent that the request referred to plaintiff's housing assignment on October 23, 2001, the date of the alleged incident of excessive force, defendant admitted the request.  Plaintiff is entitled to no further response and his motion to compel is denied.

**RFA 13:** Defendant's objection is justified.  Plaintiff's request is compound, and it is irrelevant whether defendant is friends with other custodial officers.  Plaintiff's motion to compel is denied.

**RFA 18:** Defendant's objection is justified.  It is irrelevant whether defendant is being sued by other prisoners at the present time.  Plaintiff's motion to compel is denied.

**RFA 23:** Defendant's objection is justified.  It is irrelevant whether defendant is being sued by other prisoners at the present time.  Plaintiff's motion to compel is denied.

**RFA 24:** Defendant's objection is justified.  Whether or not the Eighth Amendment prohibits officers from beating or assaulting prisoners they have a duty to protect calls for a legal conclusion.  Plaintiff's motion to compel is denied.

///

1

### g.   Defendant Beer - RFA, Set One

2      Plaintiff moves for an order determining the sufficiency of defendant's answers and

3   objections to numbers 3, 5-8, 11, 12, and 15-21.  (Motion, 12:1-6; Opp. Ex. Y.)

4      **RFA 3:** Defendant's objection is justified.  Plaintiff's request is largely unintelligible and

5   does not seek an admission or denial of a specific fact.  To the extent that plaintiff was attempting

6   to get defendant to admit or deny that certain prison officials would be liable if they failed to protect

7   plaintiff from harm after plaintiff warned them of a threat to him, the request seeks a legal conclusion

8   and/or analysis and is not permissible.  Plaintiff's motion to compel is denied.

9      **RFA 5:** Defendant's objection is justified.   This request is argumentative, harassing,

10   compound, and does not seek admission or denial of a specific or discrete fact.  Plaintiff's motion

11   to compel is denied.

12      **RFAs 6 and 7:** Defendant's objection is justified.   These requests are argumentative,

13   harassing, compound, and do not seek admission or denial of specific or discrete facts.

14   Notwithstanding his objections, defendant denied he has assaulted any inmates.  Defendant's

15   admissions are sufficient responses to plaintiff's requests, and plaintiff's motion to compel is denied.

16      **RFAs 8 and 11:** Defendant's objection are justified.   These requests call for a legal

17   conclusion.  Plaintiff's motion to compel is denied.

18      **RFA 12:** Defendant's objections are justified.  This request is argumentative, harassing,

19   compound, calls for a legal conclusion, and does not seek admission or denial of a specific or

20   discrete fact.  Further, to the extent plaintiff is asking defendant to admit or deny that he is directing

21   other prison staff members to prohibit plaintiff from being in the law library at the same time as

22   inmates Fields, Thompson, and Rollins, the request appears irrelevant to plaintiff's claims in this

23   action.  Plaintiff's motion to compel is denied.

24      **RFA 15:** Plaintiff seeks an admission or denial that inmate Rencher filed an inmate appeal

25   in late March or early April of 2003 complaining that defendant Beer, defendant Morales, and

26   Officer David beat him while he was in handcuffs, and he sustained two black eyes, great bodily

27   injuries, and stitches to his face.  Defendant objects that the request is not a plain statement of fact

28   ///

and that it violates Rencher's right to privacy. Defendant's objection is partially justified. However, this request is readily amenable to separation and response by defendant, as follows:

> 15(a):   Admit or deny that inmate Rencher, CDC # D-73399, filed an inmate appeal against you, defendant Morales, and Officer David in late March or early April of 2003, accusing the three of you of beating him up.

> 15(b):   Admit or deny that inmate Rencher's appeal stated he was in handcuffs during the alleged beating.

> 15(c):   Admit or deny that inmate Rencher's appeal stated he sustained two black eyes, great bodily injuries, and stitches to his face as a result of the alleged beating.

Defendant's contention that responding to this request violates inmate Rencher's privacy is unpersuasive. Plaintiff supplied the inmate's name, CDC number, and alleged contents of the appeal. The court is not persuaded that admitting or denying such an appeal was filed provides plaintiff with any confidential information or otherwise requests information that violates the inmate's right to privacy. The court notes that defendant did not object the information sought is irrelevant. The circumstances in which plaintiff would be permitted to use this evidence are very limited. Nevertheless, the court cannot say that the information is irrelevant and therefore undiscoverable.

Plaintiff's motion to compel is granted and defendant shall respond to the requests as reformatted by the court within thirty days.

**RFA 16:** Plaintiff seeks an admission or denial that defendant Beer, defendant Morales, and Officer Bruce filed Rules Violation Reports (CDC-115 form) and Incident Reports (CDC-837 form) relating to the "brutal assault, attack and beating" of inmate Rencher. (Opp., Ex. Y, Court Record pg. 44.) Defendant objects that the request is not a plain statement of fact and that it violates Rencher's right to privacy. Defendant's objection is partially justified. Plaintiff needs to cease the use of inflammatory language in his requests, as its use plagues the majority of plaintiff's discovery requests and is wholly unnecessary to obtain the information plaintiff is seeking.

Defendant shall answer the following RFA: Admit or deny that you, defendant Morales, and Officer Bruce filed Rules Violation Reports (CDC-115 form) and Incident Reports (CDC-837 form)

relating to the alleged beating of inmate Rencher.  The court is not persuaded that admitting or denying that reports were filed concerning the alleged beating provides plaintiff with any confidential information or otherwise requests information that violates the inmate's right to privacy.

Plaintiff's motion to compel is granted and defendant shall respond to the request as reformatted by the court within thirty days.

**RFA 17:** Plaintiff seeks an admission or denial that inmate Jackson, CDC # D-47735, filed an inmate appeal in late 2003 complaining that defendant Beer and Sergeant Castro beat him while he was in handcuffs, and he sustained stitches on both sides of his face and mouth, deep cuts to his wrist, and two black eyes.  (Opp., Ex. Y, Court Record pg. 44.)  Defendant objects that the request is not a plain statement of fact and that it violates Jackson's right to privacy.  Defendant's objection is partially justified.  Again, the language is unnecessarily inflammatory and the request is not a plain statement of fact.  Defendant shall respond to the following requests for admission:

17(a):   Admit or deny that inmate Jackson, CDC # D-47735, filed an appeal against you and Sergeant Castro in late 2003 alleging you two beat him up.

17(b):   Admit or deny that inmate Jackson's appeal stated he was in handcuffs during the alleged beating.

17(c):   Admit or deny that inmate Jackson's appeal stated he sustained stitches on both sides of his face and mouth, deep cuts to his wrist, and two black eyes as a result of the alleged beating.

The court is not persuaded that admitting or denying that this appeal was filed provides plaintiff with any confidential information or otherwise requests information that violates the inmate's right to privacy.  Plaintiff's motion to compel is granted and defendant shall respond to the request as reformatted by the court within thirty days.

**RFA 18:** Plaintiff seeks an admission or denial that defendant Beer and Sergeant Castro filed a Rules Violation Report (CDC-115 form) and Incident Reports (CDC-837 form) explaining how inmate Jackson sustained severe bodily injuries in late 2003 on 4B3 block.  Defendant objects that the request is not a plain statement of fact and that it violates Jackson's right to privacy.  Defendant's objection is not justified.  The court is not persuaded that admitting or denying that reports were filed

concerning the alleged beating provides plaintiff with any confidential information or otherwise requests information that violates the inmate's right to privacy.

Defendant shall answer the following RFA: Admit or deny that you and Sergeant Castro filed a Rules Violation Report (CDC-115 form) and Incident Reports (CDC-837 form) concerning how inmate Jackson sustained bodily injury in late 2003 while on 4B3 block.   Plaintiff's motion to compel is granted and defendant shall respond to the request as reformatted by the court within thirty days.

**RFA 19:** Plaintiff seeks an admission or denial that inmate James Thompson, CDC # C-89908, filed an inmate appeal and a federal lawsuit alleging that defendant Beer, defendant Morales, and Officer David used excessive force against him when they beat him while his hands were cuffed behind his back.  Defendant objects that the request is not a plain statement of fact and that it violates Rencher's right to privacy.  The court is not persuaded that admitting or denying that such an inmate appeal and lawsuit were filed provides plaintiff with any confidential information or otherwise requests information that violates the inmate's right to privacy.

Defendant shall answer the following requests for admission:

19(a):   Admit or deny that inmate James Thompson, CDC # C-89908, filed an inmate appeal alleging that defendant Beer, defendant Morales, and Officer David used excessive force against him when they beat him while his hands were cuffed behind his back.

19(b):   Admit or deny that inmate James Thompson, CDC # C-89908, filed a federal lawsuit alleging that defendant Beer, defendant Morales, and Officer David used excessive force against him when they beat him while his hands were cuffed behind his back.

Plaintiff's motion to compel is granted and defendant shall respond to the requests as reformatted by the court within thirty days.

**RFA 20:** Defendant's objection is partially justified.  The court rejects defendant's objection on privacy grounds, but his objection on the ground that the request is not a plain statement of fact and is unclear is justified.  Plaintiff is seeking an admission or denial that an inmate appeal was screened out in August or September of 2003, but it is not clear who filed the appeal, plaintiff or inmate Harris, and plaintiff is again putting too many facts into one request.  Even if the court could

ascertain who filed the appeal in question, the request would require separation into multiple requests for admission.  The court declines to reformat this request given its lack of clarity.  Plaintiff's motion to compel a response is denied.

**RFA 21:** Defendant's objection is justified.  Plaintiff seeks an admission or denial that inmates Rencher, Jackson, Thompson, and Harris are willing to testify that defendants Beer and Morales used excessive force against them and that defendants Dill, Keener, Buckley, Castillo, and Streeter were involved in covering it up by failing to initiate an Officer of Internal Affairs investigation pursuant to CSP-Corcoran policy and custom.  This request is not a plain statement of fact, as it is compound, and it calls for speculation on defendant Beer's part.  The information sought is also not relevant.  Plaintiff's motion to compel is denied as to this request.

### h.    Defendant Keener, RFA, Set One

Plaintiff moves for an order determining the sufficiency of defendant's answers and objections to numbers 1, 3-10, and 15-20.  (Motion, 12:7-12; Opp. Ex. Z.)

**RFA 1:** Defendant's objection is justified.  The question whether or not retaliatory actions, taken against plaintiff for filing this lawsuit, violate plaintiff's rights under federal law calls for a legal conclusion.  Further, the information sought is not relevant to the claims in this action.  Plaintiff's motion to compel a response is denied.

**RFA 3:** Defendant's objection is justified.  Plaintiff sought an admission or denial that defendant Keener was on duty as IV-B-SHU Third Watch Commander on January 18, 2004.  This request does appear to be seeking information relevant to the claims in this action.  Plaintiff's motion to compel is denied.

**RFA 4:** Defendant's objection is justified.  The request is compound and does not seek admission or denial of a specific fact, and is largely unintelligible.  To the extent plaintiff is seeking an admission or denial that defendant Keener knew on October 23, 2001, that plaintiff would be filing this lawsuit against him and the other defendants, the information sought is not relevant to the claims in this action, as the filing of this lawsuit is not the basis for any retaliation claim at issue in this suit.  Plaintiff's motion to compel a response is denied.

///

1    **RFA 5:** Defendant's objection is justified.  Plaintiff sought an admission or denial that

2    defendant Keener was on duty as IV-B-SHU facility Third Watch Commander/Lieutenant on

3    October 14, 2004.  This information is not relevant to the claims in this action.  Plaintiff's motion

4    to compel is denied.

5    **RFA 6:** Defendant's objection is justified.  Whether or not defendant Keener and others

6    arranged to move plaintiff to a management cell in the HIV/AIDS section on October 14, 2004, in

7    retaliation for filing this lawsuit and inmate appeal log number CSP-C-6-04-3415 is not relevant to

8    the claims in this action.  Plaintiff's motion to compel is denied.

9    **RFA 7:** Defendant's objection is justified.  Whether or not section 4A1L-C houses SHU

10   inmates with HIV/AIDS or other communicable diseases is not relevant to the claims in this action.

11   Plaintiff's motion to compel is denied.

12   **RFA 8:** Defendant's objection is justified.  Whether or not defendant Keener signed a CDC-

13   128-B chrono ordering plaintiff's placement in the HIV/AIDS unit on 10-day strip cell status in

14   retaliation for filing inmates appeals against Keener, Dill, and Beer grieving the alleged incident of

15   excessive force in this action does not appear to be relevant to any of the claims pending in this

16   action, and the request is vague as to the time frame.  Plaintiff's motion to compel is denied.

17   **RFA 9:** Defendant's objection is justified.  Whether or not placing an HIV/AIDS negative

18   inmate in the HIV/AIDS unit in retaliation for filing inmate appeals violates the inmate's civil rights

19   is not relevant to any of the claims pending in this action.  Further, the request calls for a legal

20   conclusion.  Plaintiff's motion to compel is denied.

21   **RFA 10:** Defendant's objection is justified.  Plaintiff seeks an admission or denial that

22   defendant Dill was aware that defendants Keener and Beer placed plaintiff in the 4A1L HIV/AIDS

23   unit and signed a CDC-128-B-chrono dated November 2, 2001.  This request is compound, vague

24   as to time frame with respect to placement in the HIV/AIDS unit, and does not appear to be seeking

25   information relevant to the claims in this action.  Plaintiff's motion to compel is denied.

26   **RFA 15:** Defendant's objection is justified.  This request is compound and confusing.

27   Notwithstanding his objections, defendant denied that he ordered the video camera turned off during

28   the cell extraction.  It appears to the court that the crux of plaintiff's request was whether or not

defendant ordered the video camera turned off during the cell extraction on October 23, 2001. Defendant responded to that question and plaintiff may not demand a different answer. Plaintiff's motion to compel a further response is denied.

**RFA 16:** Defendant's objections are partially justified and his response is partially sufficient. This request is somewhat confusing as framed. However, defendant interpreted the request in the same way that the court does and admitted an interview was conducted on October 23, 2001. Problematic is defendant's response that he does not remember whether he ordered the interview. If defendant is unable to admit or deny that fact, he must state that he made a reasonable inquiry and the information known or readily obtainable is insufficient to allow him to admit or deny the fact. Plaintiff's motion to compel is granted in that defendant must supplement his response within thirty days to admit or deny that he ordered the interview, or state that after reasonable inquiry, the information known or readily obtainable is insufficient to allow him to admit or deny the fact.

**RFA 17:** Defendant's objections are justified. The request is impermissibly compound. Further, plaintiff's complaint does not allege a claim against defendant Keener for recommending that plaintiff be assessed a SHU term in retaliation for filing appeal number CSP-C-S-01-138 against Keener. Therefore, the information sought appears irrelevant. Plaintiff's motion to compel a response to this request is denied.

**RFA 18:** Defendant's objections are justified. Whether or not it violates federal law to conduct a disciplinary hearing against a hearing impaired inmate without allowing him to wear his hearing aids calls for a legal conclusion. Further, the request seeks information which is not relevant. Plaintiff is not pursuing a claim in this action against defendant Keener for conducting a disciplinary hearing on November 2, 2001, without allowing plaintiff to wear his hearing aids. Plaintiff's motion to compel a response to this request is denied, with prejudice.

**RFAs 19 and 20:** Defendant's objections are justified. Both requests are impermissibly compound. Further, plaintiff's complaint does not allege a claim against defendant Keener arising from holding a disciplinary hearing on November 2, 2001, during which plaintiff was without his hearing aids and unable to hear. Therefore, the information sought is not relevant. Plaintiff's motion to compel a response to these requests is denied.

1                    **3.**    **Requests for Production of Documents**

2                       **a.**    **Set One**

3       **POD 1:** Plaintiff seeks all documents containing information relating to allegations of

4  misconduct by the named defendants.  This request is overly broad.  There is no limitation as to time

5  frame or to misconduct that would be relevant to the claims in this action.  Plaintiff's motion to

6  compel a response to this request is denied.  Plaintiff may rephrase his request and re-serve it on

7  defendants, who will have thirty days to respond.

8       Defendants are cautioned that objections on the grounds of inadmissible character evidence

9  and confidentiality are unlikely to shield them completely from the production of documents

10  containing this sort of information, as long as the documents sought are relevant and the time frame

11  is sufficiently narrow.  Evidence does not necessarily have to be admissible to be relevant and

12  redaction can cure concern over confidential information, such as social security numbers, names

13  of complaining parties, etc.

14       **PODs 2, 3, 4, and 5:** Plaintiff seeks four videotapes of four interviews conducted with

15  plaintiff relating to the incident of alleged excessive force that occurred October 23, 2001, three of

16  which interviews were conducted and taped on October 23, 2001, and one of which was conducted

17  and taped on December 28, 2001.  Defendants object that the requests are "compound," "assume[]

18  facts for which there is no supporting evidence," and "request[] confidential information which, if

19  released, may jeopardize the security of the prison or the safety of inmates or staff." (Opp., Ex. AA,

20  PODs 2-5.)

21       Defendants' objections are partially unjustified.  The requests are not compound.  Rather,

22  plaintiff is trying to include sufficient information in each request to avoid any issue as to which tape

23  he is seeking.  Plaintiff uses inappropriately accusatory language in his requests, as he has done with

24  the majority of his discovery requests.  Nevertheless, plaintiff is requesting video tapes, not

25  admissions. Plaintiff's use of descriptive language such as "unnecessary excessive use of force and

26  sexual assault" do not render the requests unanswerable.  (Opp., Ex. AA, POD 4.)  Plaintiff,

27  defendants, and the court are all well aware what plaintiff is seeking in requests 2 through 5.

28  ///

1       In their opposition to the motion to compel, defendants state that "effective July 17, 2006,

2  [they] have acted to make the tapes available to plaintiff," but they have no obligation to relinquish

3  the tapes or provide plaintiff with copies. (Opp., 35:14-17.) Defendants are partially mistaken.  The

4  tapes are relevant and discoverable, and the cost of production for this type of document is typically

5  borne by the responding party absent some showing that cost shifting should occur.

6       That said, plaintiff is in a Level IV prison and the court is not in a position at this time to

7  determine that plaintiff should be allowed to possess four video tapes in his cell.  The court is aware

8  and sensitive to safety and security concerns within a prison, and that prison officials are in a

9  superior position to make judgments concerning safety and security issues.  Therefore, defendants'

10  counsel is going to be provided with the opportunity to come up with a plan that will allow plaintiff

11  to obtain and utilize this discoverable information while preserving the safety and security of the

12  institution.  Some possibilities might include keeping the tapes, or copies of the tapes, in the

13  litigation office in the custody of the litigation coordinator for plaintiff to review as needed.  The

14  court would also be willing to maintain copies of the tapes, which it would view if necessary in

15  conjunction with any issue raised by plaintiff in a dispositive motion or an opposition to a dispositive

16  motion, and which will be available for plaintiff's use during trial, should this case go to trial.[2]

17       These are only possibilities.  Defendant's counsel gets to make the first attempt at resolving

18  this issue, and shall notify the court within fifteen days of his suggested solution.  Plaintiff is

19  cautioned that some compromise is going to be required in fashioning a solution.  Prison officials

20  are particular about what inmates may possess in their cells and with good reason.  The court is not

21  going to require them to allow plaintiff to keep video tapes in his cell where those tapes may pose

22  danger to the facility, either through the actual physical composition of the tapes (hard plastic, etc.)

23  or through their possible use, intentional or otherwise, to incite unrest due to their contents.

24       Plaintiff's motion to compel is granted as clarified and limited herein.  Defendants' counsel

25  shall notify the court and plaintiff of his proposed solution within fifteen days.

26  ///

27

28      [2] If only the court maintains the four copies, that may not prove to be an entirely satisfactory solution, as it does not allow for plaintiff to review the tapes if necessary.

**POD 6 and 7:** Plaintiff seeks all documents relating to CDCR's "policies and procedures on [the] calculate[d] use of force on a prisoner including but not limited to cell, pods or modules," and all documents relating to CSP-Corcoran's "calculated use of force ("extraction") policies and procedures used on a prisoner including but not limited to in cells, pods, or modules." (Opp., Ex. AA.)  Defendants' objections are partially justified.

At issue in this action is plaintiff's claim that defendants intentionally used excessive force against him on October 23, 2001.  Therefore, defendants' objection that this sort of information is not relevant is not entirely well-taken.  However, the requests are quite broad.  Further, defendants have asserted that no responsive documents exist.  Plaintiff has made no showing otherwise and absent such a showing, or a clarification of what he seeks, plaintiff and the court have to accept defendants' response that no such documents exist.  Plaintiff's motion to compel is denied as to these requests.

**POD 8:** Plaintiff requests copies of all monthly trust account statements from May 2001 through September 2005.  Defendants' objections are justified.  Plaintiff's request is overly broad and burdensome, and plaintiff has made no showing that these documents are relevant to his claims in this action.  Plaintiff's motion to compel is denied.  Plaintiff may rephrase and re-serve this request.

**POD 9:** Plaintiff requests his CDC-114A daily log (notes) file.  Defendants' objection that the request is vague and ambiguous as to time frame is justified.  Further, the court is unfamiliar with the description as provided by plaintiff and cannot determine what documents plaintiff is seeking or why they are relevant to the claims in this action, and plaintiff provides no assistance.  Are these documents found in plaintiff's central file?  If so, plaintiff has made no showing that he does not have equal access to these documents.  Plaintiff's motion to compel is denied.  Plaintiff may rephrase and re-serve this request.

### b. Set Two

**POD 1:** Plaintiff requests copies of all his monthly trust account statements from March 10, 2001 through November 15, 2005.  Defendants' objections are justified.  Plaintiff's request is overly broad and burdensome, and plaintiff has made no showing that these documents are relevant to his

1  claims in this action, particularly given that plaintiff is seeking statements that span four and a half

2  years.  Further, if the statements are equally available to plaintiff, plaintiff must attempt to obtain

3  them through the proper prison channels.  Plaintiff's motion to compel is denied.  Plaintiff may

4  rephrase and re-serve this request.

5       The court notes that in their opposition, defendants state that although they objected, they

6  subsequently produced the documents.  (Opp., 37:12-17; Ex. BB, Court Record pg. 21 of Doc. 99-7.)

7  However, there was no Attachment A to Exhibit BB, and plaintiff neither acknowledges in his reply

8  that he received the documents nor argues in his reply that he did not receive the documents. (Reply,

9  28:21-23.)  Therefore, the court is uncertain whether a dispute as to POD 1, set two still exists.  If

10  one does, plaintiff is referred to the court's ruling in the preceding paragraph.

11       **POD 2:** Plaintiff seeks all property receipts, including but not limited to CDC-183 Inmate

12  Property Inventory Sheets and CDC-143 Property Transfer Receipts, from February 28, 2001 through

13  June 6, 2003, and all cell inventory/confiscation receipts from June 20, 2001 through April 17, 2002.

14  Defendants object that plaintiff may obtain copies of CDC-143 forms from R&R and CDC-1083

15  forms from his yard's property officer.  Defendants also assert that inmates receive copies of these

16  documents when they are generated.

17       Plaintiff must inform the court why these documents are relevant, and address defendants'

18  contention that the documents are equally available to plaintiff.  Plaintiff's motion to compel is

19  denied.  Plaintiff may, in the motion to compel he is being granted leave to file via this order, again

20  move to compel these documents with an explanation as to their relevance.

21       **POD 3:** Plaintiff seeks copies of all money orders, checks, or receipts for cash sent to him

22  at CSP-Corcoran and deposited to his inmate trust account from March 10, 2001 through October

23  10, 2002.  Defendants object that the request "assumes facts for which there is no evidence and

24  assumes as true things which are not true."  (Ex. BB.)  Defendants also contend that inmates are

25  provided with quarterly trust account statements automatically and plaintiff may obtain copies from

26  the trust account office.

27       One of plaintiff's retaliation claims is based on the allegation that defendant Lloren froze

28  plaintiff's trust account on December 24, 2001, in retaliation against plaintiff for grieving photocopy

charges and requesting their removal from his account. (Comp., ¶61.)  Plaintiff alleges defendants

Lloren, Adkison, and Gonzales then refused to process his trust account withdrawal forms until after

it was too late for him to mail out his television for repairs and mail his annual package back home.

(Id.)  The relevance of documents relating to plaintiff's deposits from March 10, 2001, through

October 10, 2002, is not obvious to the court.  Plaintiff is going to have to meet his burden as the

party moving to compel production by notifying the court what the relevance of these documents is

and justifying the time period he is seeking the documents for.

        If defendants still object, they are going to have to elaborate.  Defendants contend the request

makes assumptions as to facts and truth.  The court is somewhat puzzled.  Are defendants contending

plaintiff did not receive any money orders, checks, or cash deposits during this time period?  The

court notes that defendants did not object on the ground that there exist no documents responsive

to this request.

        Plaintiff's motion to compel is denied.  Plaintiff may, in the motion to compel he is being

granted leave to file via this order, again move to compel these documents with an explanation as

to their relevance and a justification of the time period.

        **POD4:** Plaintiff seeks all documents other than those requested in POD 1, set one, containing

information relating to allegations of misconduct by the named defendants.  This request is overly

broad.  There is no limitation as to time frame or to misconduct that would be relevant to the claims

in this action.  Plaintiff's motion to compel a response to this request is denied.  Plaintiff may

rephrase his request and re-serve it on defendants, who will have thirty days to respond.  Defendants

are cautioned that objections on the grounds of inadmissible character evidence and confidentiality

are unlikely to shield them completely from the production of documents containing this sort of

information, as long as the documents sought are relevant and the time frame is sufficiently narrow.

Evidence does not necessarily have to be admissible to be relevant and redaction can cure concern

over confidential information, such as social security numbers, names of complaining parties, etc.

        **POD 5:** Defendants' objections are justified.  Plaintiff seeks "[a]ny and all documents or

receipts of all nonallowable (SHU) property belonging to Donald Glass not issued to him by

defendants Adkison and Gonzales for which they said they allegedly destroyed or donated on or

32

1   about May 18, 2001, from not processing any of the CDC-193 Trust Account Withdrawal orders he

2   submitted." (Ex. BB.)  This request is unintelligible as written.  Plaintiff needs to seeks specific

3   documents using clear, plain descriptive language.  The court cannot ascertain what plaintiff is

4   attempting to seek the production of.  Plaintiff's motion to compel is denied.

5       **POD 6:**  Defendants' objections are justified.  Plaintiff seeks "[c]opies of any and all

6   documents or property receipts which serves as evidence (proof) that Donald Glass's annual package

7   deemed unauthorized and his inoperable Zenith color television that defendants Adkison and

8   Gonzales state they allegedly donated or destroyed in March 2002 and April 2002 respectively after

9   Donald Glass' Inmate Trust Account fund were frozen or mismanaged by defendant T. Lloren when

10  she conspired with defendants Adkison, Beer, Buckley, Butts, Castillo, Dill, Keener, Marshall and

11  Streeter to prevent me from mail out my annual package and repair my television in retaliation for

12  filing 602 appeals against them defendants." (Ex. BB.)

13      This request is unintelligible as written.  The court cannot ascertain what plaintiff is

14  attempting to seek the production of.  Plaintiff's motion to compel is denied.

15      **POD 7:** Plaintiff seeks copies of the CSP Corcoran Acute Care Hospital's crisis bed log book

16  for October 24, 2001, through October 28, 2001.  Defendants' objections are partially justified.

17      The request does not appear to be overly broad and is not obviously irrelevant.  Plaintiff

18  alleges that after defendants' used excessive force against him on October 23, 2001, he was admitted

19  to the hospital and not discharged until November 2, 2001.  Thus, the logs may be relevant as

20  evidence of plaintiff's hospitalization.  The burden is on plaintiff to inform the court of the relevance

21  of these documents, however, and plaintiff has not done so.

22      With respect to confidentiality, defendants may redact the names and CDC numbers of

23  inmates other than plaintiff from the documents.  In addition, it does not appear that the production

24  of log book pages showing crisis bed assignments for a period of five days is particularly

25  burdensome, although defendants are welcome to may make a more particularized showing in

26  response to plaintiff's future motion to compel.  Finally, although plaintiff misspelled crisis as

27  "criss," the court suspects defendants were able to readily ascertain what plaintiff was seeking,

28  misspelling notwithstanding.

1   Plaintiff's motion to compel is denied.  Plaintiff may, in the motion to compel he is being

2   granted leave to file via this order, again move to compel these documents with an explanation as

3   to their relevance.  Plaintiff is reminded that the documents must be relevant to his claim in this

4   action and plaintiff is not pursuing an Eighth Amendment claim arising out of the medical care he

5   did or did not receive while at the hospital from October 24, 2001, to November 2, 2001.

6   ### c.   Set Three

7   **POD 1:** Plaintiff seeks any and all CDC-7219 unusual occurrence/injury reports from April

8   2001 through October 2004.  Defendants' objections are justified.  This request is overly broad, and

9   there is no limitation as to time frame or to misconduct that would be relevant to the claims in this

10  action.  Plaintiff's excessive force claim arises from an event that allegedly occurred on October 23,

11  2001, and this suit was filed in March of 2004.  Why does plaintiff need reports from April 2001

12  through October 2004?  What kind of reports is plaintiff looking for?  The court is not going to

13  compel the production of each and every report generated over a span of three and a half years,

14  regardless of the subject matter of the reports.  Although plaintiff asserts in his motion that he is not

15  using discovery as a fishing expedition, this request suggests otherwise.  Plaintiff's motion to compel

16  a response to this request is denied.  Plaintiff may rephrase his request and re-serve it on defendants,

17  who will have thirty days to respond.

18  **POD 2:** Plaintiff seeks the production of inmate appeals filed by prisoners on IV-A-IV-B

19  SHU Facilities at CSP-Corcoran alleging defendants Beer, Butts, Dill, Keener, Morales, and Sloss

20  used excessive force, including but not limited to the use of pepper spray.  Defendants' objections

21  are partially justified.  This request is overly broad, and there is no limitation as to time frame.

22  The request is narrowed to the following time frame:  March 1, 2001, to December 31, 2002.

23  Plaintiff must, in an amended motion to compel, make an offer of proof as to the relevance of these

24  documents and how he intends to use them in his opposition to defendants' motion for summary

25  judgment or at trial.

26  **POD 3:** Plaintiff seeks the production of CDC-837 incident reports from which were signed

27  and dated by defendants Beer, Butts, Dill, Keener, Morales, and Sloss that concern cell extractions

28  ///

34

on IV-A and IV-B Facilities at CSP-Corcoran from March 1, 2001 through March 20, 2006, where force was used. This request is overly broad.

The request is narrowed to the following time frame: March 1, 2001, to December 31, 2002. Plaintiff must, in an amended motion to compel, make an offer of proof as to the relevance of these documents and how he intends to use them in his opposition to defendants' motion for summary judgment or at trial.

**POD 4:** Reworded by the court, plaintiff seeks the production of inmate appeals filed by prisoners on IV-A and IV-B SHU Facilities at CSP-Corcoran alleging that their televisions or radios were damaged or intentionally broken during cell extractions conducted in retaliation for past misbehavior. This request is overly broad, and there is no limitation as to time frame.

The request is narrowed to the following time frame: March 1, 2001, to December 31, 2002. Plaintiff must, in an amended motion to compel, make an offer of proof as to the relevance of these documents and how he intends to use them in his opposition to defendants' motion for summary judgment or at trial.

**POD 5:** Plaintiff seeks the CSP-Corcoran Acute Care Hospital's HU03 floor staff log-in/log-out book for October 24, 2001 through October 28, 2001. Although defendants objected, they also produced some documents responsive to this request. (Opp., Ex. CC, Court Record pgs. 28-30.)

Plaintiff neither acknowledges in his reply that he received the documents nor argues in his reply that he did not receive the documents. (Reply, 34:4-19.) Therefore, the court is uncertain whether a dispute as to this POD still exists. If one does, plaintiff must make a showing as to their relevance. If plaintiff meets his burden of demonstrating that the documents are relevant and have not been produced, defendants' objection on privacy grounds can be addressed through the redaction of private information belonging to inmates other than plaintiff.

Plaintiff's motion to compel is denied. Plaintiff may, in the motion to compel he is being granted leave to file via this order, again move to compel these documents with an explanation as to their relevance. Plaintiff is reminded that the documents must be relevant to his claim in this action and plaintiff is not pursuing an Eighth Amendment claim arising out of the medical care he did or did not receive while at the hospital from October 24, 2001, to November 2, 2001.

1

### d.   Set Four

2   In his motion, plaintiff contends that he served a fourth request for the production of

3   documents, comprised of eight requests, on defendants on April 13, 2006, but has received no

4   response. (Motion, 35:10-14.) Defendants' position is that there is no evidence to support plaintiff's

5   assertion he served a fourth request, but they will respond utilizing the eight requests as set forth by

6   plaintiff in his motion.  (Opp., 41:12-18.)  Defendants seek, via a separate motion, an extension of

7   time to respond.  (Id.; Doc. 101.)  In his reply, plaintiff reasserts that he served the request on

8   defendants and they willfully failed to respond.  (Reply, 30:5-10.)

9   The court accepts as true that plaintiff served a fourth request for the production of

10   documents on defendants.   However, there is no evidence that defendants received it and

11   intentionally ignored it, as plaintiff contends.  Plaintiff is again reminded of his duty to make a good

12   faith effort to resolve discovery disputes prior to involving the court.  Plaintiff has submitted no

13   evidence that after the forty-five days in which defendants were supposed to have responded passed,

14   plaintiff contacted defendants' counsel to inquire about the missing response.  Had plaintiff done so,

15   the issue of the missing response very well may have been resolved without taking up the court's

16   time.

17   Defendants have stated that they served a response to this request on August 25, 2006.  (Doc.

18   115, 4:1-2.)  Therefore, this issue is moot.  Because there is no evidence defendants received this

19   request and failed to respond and plaintiff himself appears to be in violation of the court's discovery

20   order, there is no basis for the imposition of sanctions against defendants and plaintiff's motion is

21   denied.

22   ### 4.   Sanctions

23   Plaintiff seeks sanctions against defendants under Federal Rules of Civil Procedure 11 and

24   37, and under the court's inherent authority.

25   ### a.   Rule 11

26   Rule 11 is inapplicable to discovery and plaintiff's motion for sanction under this rule is

27   denied. Fed. R. Civ. P. 11(d).

28   ///

1

### b.   **Rule 37**

2      Rule 37(a)(4) permits plaintiff to seek an award of reasonable expenses incurred in filing his

3   motion, if his motion is granted in whole or in part, or if the discovery sought is served after the

4   motion is filed.  Fed. R. Civ. P. 37(a)(4).  The court may decline to award such expenses where the

5   movant failed to make a good faith effort to resolve the dispute without court intervention, where

6   the opposing party's position was substantially justified, or where other circumstances make the

7   award unjust.  Id.  Rule 37(d) permits plaintiff to seek sanctions for the complete failure to respond

8   to interrogatories and requests for the production of documents.  Fed. R. Civ. P. 37(d).  Such a

9   motion must be accompanied by a certification that the movant made a good faith effort to resolve

10  the dispute without court intervention.  Id.

11     Turning first to Rule 37(d) sanctions, defendants failed to serve responses to the first set of

12  interrogatories served on defendant Marshall and plaintiff's fourth request for the production of

13  documents, and plaintiff moved to compel responses.[3]  Defendants acknowledged the failure to serve

14  a response to the Marshall interrogatories and subsequently served a response on August 16, 2006.

15  Defendants deny being served with the fourth document production request, but, using the requests

16  as replicated in plaintiff's motion, served a response on August 25, 2006.

17     As previously set forth in this order, plaintiff has made no showing that he made any effort

18  to resolve the discovery dispute over defendant Marshall's missing interrogatory responses prior to

19  involving the court via this motion to compel, and there is no evidence from which the court may

20  conclude that defendants received the fourth document production request but failed to respond.

21  Accordingly, plaintiff is not entitled to sanctions under Rule 37(d).

22     With respect to Rule 37(a)(4), plaintiff's motion to compel was granted in part but it was also

23  denied in part.  The number of issues plaintiff prevailed on are far outweighed by the issues plaintiff

24  did not prevail on.  As a result, and given that plaintiff is proceeding pro se, the expenses incurred

25  by defendants in opposing the motion undoubtably outweigh the expenses incurred by plaintiff in

26

27          [3] Defendants' failure to respond to interrogatories, set three, served on defendant Lloren, and
    interrogatories, set two, served on defendant Dill are not re-addressed in this section because they exceeded the limit
28  under Rule 33 and defendants had no obligation to serve any response.

1  preparing and filing the motion to compel.  Under the circumstances, any expense award to plaintiff

2  is unjustified.

3                               c.      **Court's Inherent Authority**

4         Finally, plaintiff seeks the assessment of a $7,000.00 monetary sanction against defendants

5  under the court's inherent authority.  The court has inherent power to sanction parties or their

6  attorneys for improper conduct.  Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway

7  Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).

8  The imposition of sanctions under the court's inherent authority is discretionary. Air Separation, Inc.

9  v. Underwriters at Lloyd's of London, 45 F.3d 288, 291 (9th Cir. 1995).  A court's inherent powers

10 "are governed not by rule or statute but by the control necessarily vested in courts to manage their

11 own affairs so as to achieve the orderly and expeditious disposition of cases." Chambers, 501 U.S.

12 at 43.  Such inherent power "is not a broad reservoir of power, ready at an imperial hand, but a

13 limited source; an implied power squeezed from the need to make the court function."  Id. at 42.

14 "Because inherent powers are shielded from direct democratic controls, they must be exercised with

15 restraint and discretion." Roadway Express, Inc., 447 U.S. at 764.

16        The court's "inherent power 'extends to a full range of litigation abuses.'"  Fink, 239 F.3d

17 at 992 (quoting Chambers, 501 U.S. at 46-47).  However, in order to sanction a litigant under the

18 court's inherent powers, the court must make a specific finding of "bad faith or conduct tantamount

19 to bad faith." Fink, 239 F.3d at 994.  Although mere recklessness is insufficient to support sanctions

20 under the Court's inherent powers, "recklessness when combined with an additional factor such as

21 frivolousness, harassment, or an improper purpose" is sufficient.  Id. at 993-94.  A litigant may be

22 sanctioned for acting for an improper purpose, even if the act was "a truthful statement or non-

23 frivolous argument or objection."  Id. at 992.

24        The record is devoid of evidence that defendants or their counsel acted in bad faith or in a

25 manner tantamount to bad faith.  Indeed, plaintiff has demonstrated in his motion and reply a pattern

26 of alleging serious misconduct on the part of defendants' counsel without any supporting evidence.

27 Plaintiff's mischaracterization of counsel's March 15, 2006, letter as one in which counsel is

28 "defying" or daring him to file a motion to compel is one of the strongest examples of this behavior.

The letter is not only cordial, but gentle in tone, and plaintiff's characterization to the contrary serves to seriously damage plaintiff's credibility with this court.   There is absolutely no basis for the imposition of sanctions under the inherent authority of the court against defendants or their counsel for acting in bad faith.   Plaintiff's motion for sanctions is denied.

**B.**      **Defendants' Motion for Leave to Act Beyond Time in Serving Responses to Discovery Requests**

On July 18, 2006, in conjunction with their opposition to plaintiff's motion to compel, defendants filed a motion for leave to act beyond time in serving responses to plaintiff's (1) request for admissions, set one, directed to defendant Butts, (2) request for the production of documents, set four, (3) request for admissions, set one, directed to defendant Lloren, and (4) interrogatories, set one, directed to defendant Marshall.   Plaintiff filed an opposition to the motion on September 13, 2006, and defendants filed a reply on September 21, 2006.   In their reply, defendants state that on August 16, 2006, they served their responses to plaintiff's request for admissions, set one, directed to defendant Butts, and interrogatories, set one, directed to defendant Marshall, and on August 25, 2006, served their response to plaintiff's request for the production of documents, set four. Defendants also state that they located their timely response to plaintiff's request for admissions, set one, directed to defendant Lloren, and no extension of time is necessary as to that request.

In addressing plaintiff's motion to compel in the preceding section, the court addressed these four discovery requests.   As such, there is no need to elaborate further in any detail.   In light of the circumstances, the court finds good cause to grant defendants' motion for an extension of time nunc pro tunc to August 16, 2006, as to their responses to plaintiff's request for admissions, set one, directed to defendant Butts, and interrogatories, set one, directed to defendant Marshall, and nunc pro tunc to August 25, 2006, as to their response to plaintiff's request for the production of documents, set four.

Plaintiff moved for sanctions in his motion to compel, which has been addressed by the court in the preceding section.   In his opposition to defendants' motion for leave to act beyond time in serving discovery responses, plaintiff reiterates that sanctions against defendants' counsel are warranted because defendants had no intention of responding and willfully refused to cooperate with

39

1  discovery.  Plaintiff again cites to Exhibit A to his motion to compel as evidence that defendants'

2  counsel "defied" plaintiff to file a motion to compel, and argues that he has been prejudiced.

3  Plaintiff also asserts that defendants' counsel was infuriated after the court granted plaintiff's request

4  for an extension of discovery on February 22, 2006, and as a result pretended not to be served with

5  the third set for interrogatories directed at defendant Lloren until being served with plaintiff's motion

6  to compel.

7          First, although defendants mention the third set of interrogatories directed to defendant

8  Lloran in their motion, they are not seeking an extension of time to respond to those interrogatories.

9  As plaintiff was notified by the court in the preceding section, defendants are under no obligation

10  to respond because the interrogatories exceed the limit.

11          Second, a party may find himself subject to sanctions for making baseless allegations of

12  misconduct against an opposing party or counsel, or for harassing the court by making such baseless

13  allegations.  In this instance, as already discussed in the preceding section, defendants' counsel did

14  not "defy" plaintiff to file a motion to compel.  The court has reviewed the letter in question and

15  plaintiff is blatantly mischaracterizing what defendants' counsel wrote.  Further, plaintiff has

16  submitted no evidence that defendants' counsel refused to respond to discovery requests that he

17  should have responded to because he was infuriated that plaintiff was allowed to continue

18  conducting discovery, or that defendants' counsel intentionally and willfully failed to respond to

19  plaintiff's discovery requests.  Plaintiff's unsupported allegations of misconduct are harassing, and

20  plaintiff is placed on notice that the court will not tolerate any further mischaracterization of

21  defendants' counsel's conduct or any further allegations of bad faith conduct with respect to

22  discovery that are unsupported by evidence of willful misconduct.  Defendants have a duty to

23  respond to timely served discovery requests, and defendants have admitted they failed to do so in

24  several instances and tendered their explanation.  Plaintiff is entitled to responses to timely served

25  and otherwise proper discovery requests, and has recourse available to him.  What plaintiff may not

26  do is impugn the integrity of defendants' counsel and waste this court's time seeking sanctions for

27  bad faith conduct where he has no evidence of bad faith conduct.

28  ///

1   **C.   Conclusion**

2   Based on the foregoing, it is HEREBY ORDERED that:

3   1.   Defendants' motion for leave to act in excess of time in serving responses to the

4        Marshall ROGs and Butts RFAs, filed July 18, 2006, is GRANTED nunc pro tunc

5        to August 16, 2006, and defendants' motion for leave to act in excess of time in

6        serving a response to the fourth request for the production of documents, filed July

7        18, 2006, is GRANTED nunc pro tunc to August 25, 2006;

8   2.   Plaintiff's motion for sanctions, filed June 29, 2006, is DENIED;

9   3.   Plaintiff's motion to compel responses to interrogatories, filed June 29, 2006, is

10       DENIED as follows:

11       a.   Plaintiff's motion to compel responses to Lloren ROGs, set two, numbers 8-

12            19, and set three, and Dill ROGs, set two, is DENIED on the ground that the

13            numbers exceed the limit set in Rule 33(a);

14       b.   Plaintiff's motion to compel a response to Marshall ROGs, set one, is

15            DENIED as moot; and

16       c.   Plaintiff's motion to compel responses to Buckley, Castillo, Streeter, Lloren,

17            Beer, Dill, Adkison, Keener, Gonzales, Sloss, and Morales ROGS, set one,

18            and Lloren ROGS, set two numbers 2 and 6,  is DENIED on the ground that

19            plaintiff failed to meet his burden as the moving party, without prejudice to

20            re-filing a motion to compel within **thirty (30) days** from the date of service

21            of this order;

22   4.   Plaintiff's motion to compel responses to requests for admission, filed June 29, 2006,

23       is GRANTED IN PART and DENIED IN PART as follows:

24       a.   Plaintiff's motion to compel a response to Butts RFA, set one, is DENIED as

25            moot;

26       b.   Plaintiff's request for further responses to the following RFAs is GRANTED

27            and defendants have **thirty (30) days** within which to serve their responses:

28            1)    Dill RFA, Set One, Number 3

1           2)      Dill RFA, Set One, Number 15(a)-(c) as reformatted by the court

2           3)      Adkison and Gonzales RFAs, Set One, Numbers 5, 6, 21, and 24

3           4)      Morales RFA, Set One, Number 10

4           5)      Beer RFA, Set One, Numbers 15(a)-(c), 16, 17(a)-(c), 18, and 19(a)-

5                    (b), as reformatted by the court

6           6)      Keener RFA, Set One, Number 16;

7       c.      Plaintiff may reformat and re-serve Dill RFAs, Set One, Numbers 16 and 17

8           on Dill within **thirty (30) days** and defendant Dill shall have **thirty (30) days**

9           within which to serve a response; and

10      d.      Plaintiff's motion to compel responses to all other RFAs, as set forth in

11           subsection 2 of this order, is DENIED; and

12   5.     Plaintiff's motion to compel responses to requests for the production of documents,

13       filed June 29, 2006, is GRANTED IN PART and DENIED IN PART as follows:

14      a.      Plaintiff's motion to compel a response to POD, set four, is DENIED as

15           moot;

16      b.      Plaintiff's request for further responses to the following PODs is GRANTED

17           and defendants have **fifteen (15) days** within which to notify the court and

18           plaintiff of their proposed solution:

19           1)      POD, Set One, Number 2, 3, 4, and 5;

20      c.      Plaintiff's request for further responses to the following PODs is DENIED,

21           but plaintiff may reformat and re-serve the requests on defendants within

22           **thirty (30) days** and defendants shall have **thirty (30) days** within which to

23           serve their responses:

24           1)      POD, Set One, Number 1

25           2)      POD, Set One, Number 8

26           3)      POD, Set One, Number 9

27           4)      POD, Set Two, Number 1

28           5)      POD, Set Two, Number 4

1        6)       POD, Set Three, Number 1;

2    d.    Plaintiff's motion to compel responses to the following PODs is DENIED on

3          the ground that plaintiff failed to meet his burden as the moving party,

4          without prejudice to re-filing a motion to compel within **thirty (30) days**

5          from the date of service of this order:

6        1)       POD, Set Two, Numbers 2, 3, and 7

7        2)       POD, Set Three, Numbers 2, 3, and 4, accompanied by an offer of

8              proof as described in subsection (c)(3) of this order; and

9    e.    Plaintiff's motion to compel response to all other PODs, as set forth in

10         subsection 3 of this order, is DENIED.

11

12  IT IS SO ORDERED.

13  **Dated:    November 16, 2006**                    **/s/ Sandra M. Snyder**
    icido3                                        UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28