# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>R. BEER, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:04-CV-05466-OWW-SMS-P<br><br>ORDER GRANTING DEFENDANT MARSHALL'S MOTION FOR EXTENSION OF TIME TO SERVE RESPONSE TO REQUEST FOR ADMISSIONS, NUNC PRO TUNC TO NOVEMBER 3, 2006<br><br>(Doc. 121)<br><br>ORDER GRANTING PLAINTIFF THIRTY DAYS WITHIN WHICH TO FILE A MOTION TO DETERMINE THE SUFFICIENCY OF DEFENDANT'S ANSWERS AND/OR OBJECTIONS, IF SUCH MOTION IS NECESSARY |

On November 1, 2006, defendant Marshall filed a motion seeking an extension of time to serve plaintiff with a response to plaintiff's request for admissions. (Doc. 121.) On November 3, 2006, defendant Marshall filed a notice stating that his response was served on November 3, 2006. (Doc. 122.) Plaintiff filed an opposition to defendant's motion on November 16, 2006. (Doc. 126.)

In a forty-three page order issued on November 16, 2006, the court resolved plaintiff's pending motion to compel and for sanctions. Therefore, plaintiff's reference to that motion and his merging of arguments made in that motion with the arguments made in the instant opposition will not be addressed.

Although plaintiff argues that defendant's counsel intentionally failed to respond and that he will suffer prejudice if defendant's motion is granted, plaintiff has made no showing that defendant's

counsel acted in bad faith or that he will suffer any actual prejudice. Further, because plaintiff did not submit any evidence that he notified defendant's counsel that a response to the request for admissions was still outstanding, plaintiff is not in a position to seek sanctions.

The court is going to grant defendant's motion. However, plaintiff will be granted thirty days within which to file a motion to determine the sufficiency of defendant Marshall's answers and/or objections, should plaintiff determine that such a motion is necessary. In determining whether such a motion is necessary, plaintiff is directed to review the court's forty-three page order filed November 16, 2006, for guidance. If plaintiff finds such a motion to be necessary, plaintiff is relieved of his obligation to make a good faith attempt to resolve the dispute with defendant's counsel prior to filing his motion.

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant Marshall's motion for an extension of time to serve a response to plaintiff's request for admissions is GRANTED, nunc pro tunc to November 3, 2006; and

2. Plaintiff is GRANTED **thirty (30) days** from the date of service of this order within which to file a motion to determine the sufficiency of defendant's answers and/or objections, should plaintiff such a motion necessary.

IT IS SO ORDERED.

Dated:   December 7, 2006               /s/ Sandra M. Snyder
icido3                              UNITED STATES MAGISTRATE JUDGE