# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS,<br><br>  Plaintiff,<br><br> v.<br><br>R. BEER, et al.,<br><br>  Defendants.<br>_____/ | CASE NO. 1:04-cv-05466-OWW-SMS PC<br><br>ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER AS TO POD, SET FOUR, (2) RELIEVING PARTIES OF OBLIGATION TO MEET AND CONFER REGARDING POD, SET FOUR, (3) GRANTING PLAINTIFF THIRTY DAYS WITHIN WHICH TO FILE A MOTION TO COMPEL A FURTHER RESPONSE TO POD, SET FOUR, AND (4) PROVIDING DEFENDANTS WITH OPTION TO EITHER FILE OPPOSITION TO FUTURE MOTION TO COMPEL OR STAND BY ARGUMENTS SET FORTH IN THEIR MOTION FOR A PROTECTIVE ORDER<br><br>(Doc. 129) |

   Plaintiff Donald Glass ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed March 22, 2004, against defendants Beer, Keener, Sloss, Morales, and Dill for violation of the Eighth Amendment, and against defendants Beer, Keener, Sloss, Morales, Dill, Butts, Adkison, Gonzales, Castillo, Buckley, Streeter, Marshall, and Lloren for retaliation. (Doc. 20.) On December 18, 2006, defendants filed a motion seeking a protective order shielding them from responding further to plaintiff's request for the production of documents, set four. (Doc. 129.) Plaintiff filed an opposition on January 10, 2007, and argued that the motion should be treated as one for preliminary

injunctive relief. (Doc. 131.) Defendants did not file a reply and their motion has been deemed submitted. Local Rule 78-230(m).

Defendants' motion is properly noticed as one for a protective order shielding them from discovery. Fed. R. Civ. P. 26(c). Therefore, plaintiff's argument that the motion should be treated as one seeking a preliminary injunction is rejected.

On November 16, 2006, the court issued a forty-three page order resolving plaintiff's pending motion to compel and for sanctions, filed June 29, 2006. With respect to plaintiff's fourth request for the production of documents, at issue in the instant motion for a protective order, the court stated in relevant part:

> In his motion [to compel], plaintiff contends that he served a fourth request for the production of documents, comprised of eight requests, on defendants on April 13, 2006, but has received no response. (Motion, 35:10-14.) Defendants' position is that there is no evidence to support plaintiff's assertion he served a fourth request, but they will respond utilizing the eight requests as set forth by plaintiff in his motion. (Opp., 41:12-18.) Defendants seek, via a separate motion, an extension of time to respond. (Id.; Doc. 101.) In his reply, plaintiff reasserts that he served the request on defendants and they willfully failed to respond. (Reply, 30:5-10.)
>
> The court accepts as true that plaintiff served a fourth request for the production of documents on defendants. However, there is no evidence that defendants received it and intentionally ignored it, as plaintiff contends. Plaintiff is again reminded of his duty to make a good faith effort to resolve discovery disputes prior to involving the court. Plaintiff has submitted no evidence that after the forty-five days in which defendants were supposed to have responded passed, plaintiff contacted defendants' counsel to inquire about the missing response. Had plaintiff done so, the issue of the missing response very well may have been resolved without taking up the court's time.
>
> Defendants have stated that they served a response to this request on August 25, 2006. (Doc. 115, 4:1-2.) Therefore, this issue is moot. Because there is no evidence defendants received this request and failed to respond and plaintiff himself appears to be in violation of the court's discovery order, there is no basis for the imposition of sanctions against defendants and plaintiff's motion is denied.

(Doc. 124, 36:1-21.)

On December 12, 2006, plaintiff sent defendants a letter requesting a second response and informing them that if they did not send a second response, he would file a motion to compel. Defendants interpret the court's order of November 16, 2006, to preclude plaintiff from seeking further responses, and seek an order of protection.

///

1   Although plaintiff's motion to compel was denied with respect to POD, set four, plaintiff's motion was to compel an *initial* response to the request and was denied in that an initial response was served on August 25, 2006.  Plaintiff's discovery request was timely served and justice would not be served  by precluding plaintiff from seeking relief he is entitled to under the Federal Rules if he is dissatisfied with defendants' responses.

That said, defendants' motion for a protective order shall be granted in part.  The parties are relieved of their obligation to meet and confer in an attempt to settle their dispute over POD, set four, prior to seeking court intervention.  Therefore, defendants are not obligated to communicate off the record with plaintiff regarding POD, set four, and are not obligated to serve any further response to POD, set four, unless ordered to do so by the court in the future.  If plaintiff is dissatisfied with defendants' response to POD, set four, he may file a motion to compel within thirty days from the date of service of this order.  Defendants' motion for a protective order sets forth their arguments as to the sufficiency of their responses to POD, set four.  Therefore, if plaintiff files a motion to compel, defendants have the option of filing an opposition or standing by their arguments set forth in their motion for a protective order.

Accordingly, it is HEREBY ORDERED that:

1. Defendants' motion for a protective order, filed December 18, 2006, is GRANTED IN PART and DENIED IN PART;

2. The parties are relieved of their obligation to meet and confer in an attempt to resolve the dispute over defendants' response to POD, set four;

3. If plaintiff is dissatisfied with defendants' August 25, 2006, response to POD, set four, he may file a motion to compel within **thirty (30) days** from the date of service of this order; and

///
///
///
///
///

4. If plaintiff files a motion to compel a further response to POD, set four, defendants may either file an opposition or stand by the arguments set forth in their motion for a protective order.

IT IS SO ORDERED.

**Dated:** **January 26, 2007**   /s/ Sandra M. Snyder
icido3         UNITED STATES MAGISTRATE JUDGE