# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS,<br><br>              Plaintiff,<br><br>    v.<br><br>R. BEER, et al.,<br><br>              Defendants.<br>_____/ | CASE NO. 1:04-cv-05466-OWW-SMS PC<br><br>ORDER DENYING PLAINTIFF'S AMENDED MOTION TO COMPEL, WITH PREJUDICE<br><br>(Doc. 134)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION, WITH PREJUDICE<br><br>(Docs. 133 and 138)<br><br>ORDER PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO POD, SET 4, WITH PREJUDICE<br><br>(Doc. 138)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR A THIRTY-DAY EXTENSION OF TIME TO SERVE DEFENDANTS WITH REPHRASED DISCOVERY REQUESTS, PER COURT ORDER OF NOVEMBER 16, 2006<br><br>(Doc. 132) |

**I.    Order**

    **A.    Procedural History**

Plaintiff Donald Glass ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed March 22, 2004, against defendants Beer, Keener, Sloss, Morales, and Dill for violation of the Eighth

1

Amendment, and against defendants Beer, Keener, Sloss, Morales, Dill, Butts, Adkison, Gonzales, Castillo, Buckley, Streeter, Marshall, and Lloren for retaliation. (Doc. 20.) On November 16, 2006, the court issued a lengthy, detailed order granting in part and denying in part plaintiff's motion to compel. (Doc. 124.) Pursuant to the order, plaintiff was granted to leave to file an amended motion to compel, limited to certain discovery requests. (Id., 41:16-21.) On January 24, 2007, plaintiff filed an amended motion to compel. (Doc. 134.) Defendants filed a response on February 7, 2007, and plaintiff filed a reply on February 26, 2007. (Docs. 137, 140.)

Also on January 24, 2007, plaintiff filed a motion for reconsideration of the court's order of November 16 as it pertained to his request for the production of documents, set four ("POD, set 4"). (Doc. 133.) On February 12, 2007, after receiving the court's order of January 26, 2007, in which the court clarified that plaintiff was not precluded from filing a motion to compel a response to POD, set 4, plaintiff filed an amended motion for reconsideration. (Docs. 136, 138.) Defendants filed an opposition on February 15, 2007, and plaintiff filed a reply on February 28, 2007. (Docs. 139, 141.)

**B.    Amended Motion to Compel Responses to Interrogatories**

Plaintiff was granted leave of court to file an amended motion to compel responses to interrogatories ("ROG"), set one, directed to defendants Buckley, Castillo, Streeter, Lloren, Beer, Dill, Adkison, Keener, Gonzales, Sloss, and Morales, and ROGs, set two, numbers two and six, directed to defendant Lloren. The ground for denying plaintiff's original motion to compel responses to these requests was plaintiff's failure to meet his burden as the moving party.

Defendants are required to "furnish such information as is available" to them in responding to plaintiff's interrogatories. Fed. R. Civ. P. 33(a). If a defendant objects to one of plaintiff's discovery requests, it is plaintiff's burden in his motion to compel to demonstrate why the objection is not justified. Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and for each disputed response, inform the court why the information sought is relevant and why defendants' objections are not justified.

///
///
///

2

1. **Defendant Lloren**

    a. **Set One**

**ROG 10:** "What is Your Title and Position for which you were hired At (CSP-COR)?" (Doc. 99-2, 53:9-11.) Defendant's objection is sustained. Plaintiff failed to meet his burden of demonstrating the relevance of this information. The assertion that defendant's response is non-responsive and plaintiff is seeking discoverable information relevant to his claim is superficial at best and in no way demonstrates that the information sought in this interrogatory is relevant. Plaintiff's motion to compel a response is denied, with prejudice. The court notes that plaintiff was already provided with the information that defendant Lloren worked in the Inmate Trust Account Office during the period of time relevant to plaintiff's claims. (Doc. 99-2, 53:16-20.)

**ROG 13:** "On October 19, 2001, did you Place A hold on Donald Glass's Prison ("Inmate") trust account of $5.85 dollars "Twice" After corrections officer Keith Anderson, Sergeant Nadh and Lieutenant M. Seifert falsely Accused him of Allegedly Altering State Clothing?" (Doc. 99-2, 54:13-17.) Objections notwithstanding, defendant responded to this interrogatory by stating, "I do not recall this specific hold." (Id., 54:21-22.) Plaintiff is required to accept defendant's answer as given, and may not seek to compel a different answer. Plaintiff's motion to compel is denied, with prejudice.

**ROG 15:** "On November 20, 2001, did Donald Glass submit ("file") A Informal Level Appeal Number 04A-01-12-008 Respectfully Requesting The Removal of First Set of Interrogatories To be Answered by Defendant T. Lloren old photo copy charges of Medical Records That were still on his Inmate Trust Account Statement over the allotted 30-days In violation of Cal. Code Regs. TiT. 15 § 3162(a) Legal forma and duplication services[?]" (Doc. 99-2, 55:7-13.) Objections notwithstanding, defendant responded to this interrogatory by stating, "I do not recall this specific hold." (Id., 55:17.) Plaintiff is required to accept defendant's answer as given, and may not seek to compel a different answer. Plaintiff's motion to compel is denied, with prejudice.

**ROG 16:** " If yes to Number 15, did you Remove Those old Photo copy charges, And then froze Donald Glasses's Inmate Trust Account funds in Retaliation for filing Informal Level Appeal

///

3

Number 04-01-12-008?" (Doc. 99-2, 55:22-27.) Defendant did not answer yes to number 15. Plaintiff's motion to compel is denied, with prejudice.

**ROG 17:** "On January 5, 2002, did you or Prison Officials At (CSP-COR.) Misappropriate Appeal Number 04401-12-008 AT the first (Institution) Level by The Intentional Obstruction of Donald Glass's Rights to Seek Redress of Grievances After he Submitted for first Level Review With Proof that you Maliciously and Sadisitcally froze his Inmate Trust Account Funds as Punishment To deter and discourage Donald Glass for filing Informal Level Appeal Number 044-01-12-008 And Any future Appeal?" (Doc. 99-2, 56:1-7.) Defendant's objection is sustained. This interrogatory is unintelligible as framed, and grossly accusatory and argumentative. Plaintiff's motion to compel is denied, with prejudice.

### b.   Set Two

**ROG 2:** "Do Donald Glass have a protected liberty interest to his inmate trust account funds under the fourteenth amendment to the United States Constitution?" (Doc. 99-2, 62:13-15.) Defendant's objection is sustained. This interrogatory calls for a legal conclusion. Plaintiff's motion to compel is denied, with prejudice.

**ROG 6:** "If I have documentary evidence that you denied other inmates at CSP-COR to use thier funds to purchase canteen and mail out funds by freezing their." (Doc. 99-2, 63:11-13.) This interrogatory consists of an incomplete sentence and is impossible to answer as framed. In his amended motion, plaintiff contends that defendants omitted part of the interrogatory and it read, "If I have documentary evidence that you denied other inmates at CSP-COR to use their funds to purchase canteen and mail out funds by freezing their funds also, can these documents be use to prove that you do indeed freeze inmates trust accounts to prevent them from using their funds?" (Doc. 134, 3:27-4:4.) It is wholly inappropriate for plaintiff to ask a lay witness via interrogatory what documents may or may not be used to prove, as responding calls for speculation and legal opinion. Plaintiff's motion to compel a response to the complete interrogatory, as clarified in his amended motion to compel, is denied, with prejudice.

///

///

### 2. **Defendant Beer**

**ROG 16:** "If yes To Number 15 Please State specifically And In detail As Accurately AS you can have Donald Glass complained Verbally And In Numerous 602 Appeals To (CDC) headquarters And/Or The full (Warden's Committees) Institution Classification Committees ("ICC") AT California Medical Facility ("CMF"), Pelican Bay State Prison ("PBSP"), San Quentin State Prison ("SQSP"), California State, Prison, Sacramento ("CSP-SAC") That Prison Officials were Planning To Murder or have him seriously Injured because (CDC) Headquarters, (CMF), (PBSP) (SQSP), (CSP-SAC.) And (CSP-COR.) knowingly Placed false and Life Threatening Endangering Information In Donald Glasses's C-file Maliciously And Sadistically And Then Disseminated on CDC-128-G Chrono's Through Regular Institutional mail To Other Prisoners and Prisons State Wide To Arrange for him to be brutally beaten or Assassinated by Staff or inmates?" (Doc. 99-3, 23:19-24:2.) Defendant's objection is sustained. This interrogatory is unintelligible as framed, and grossly accusatory and argumentative. To the extent that plaintiff was seeking to know whether defendant Beer placed information in plaintiff's cental file stating that plaintiff is a child molester and a snitch, plaintiff would have been better served by simply asking that question. As framed, plaintiff is entitled to no response. Plaintiff's motion to compel is denied, with prejudice.

**ROG 17:** "How Many Physical Incidents have you Personally Participated And/or were involved in at (CSP-COR/) Where Prisoners were seriously Injured while In (Restraints) hand Manacles And Leg Irons In Your Presence for which you have A duty To Protect?" (Doc. 99-3, 24:10-12.) Defendant's objection is sustained. This request is ambiguous, unintelligible as framed, and calls for a medical conclusion as to "seriously injured." Plaintiff's motion to compel is denied, with prejudice.

**ROG 19:** "What Are The Names, (CDC) Numbers And Case Numbers of Any And All The Prisoner That have filed Title 42 U.S.C. § 1983 civil Rights Lawsuits Against you?" (Doc. 99-3, 24:21-23.) Defendant's objection is sustained. This interrogatory is compound, overly broad, and the relevance has not been shown. Plaintiff's motion to compel is denied, with prejudice.

**ROG 21:** "Does (CDC) And (CSP-COR.) Policy And Procedures Require Prisoners To Strip Out (Take off All Their Clothing) Nude and Lay face down on The ground To Allow you and

5

Defendants D. Morales and Sloss or Any other Prison Official or guards To Enter A Level "5" Security Housing Unit ("SHU") Prisoner's Donald Glasses's cell To use Unnecessary Excessive force To Sexually Assault and Physically Injure him Oppose to Simply Allowing Donald Glass to cuff up At The cuff Port?" (Doc. 99-3, 25:12-18.) This interrogatory is unintelligible as framed, and grossly accusatory and argumentative. Plaintiff's motion to compel is denied, with prejudice.

**ROG 23:** "On October 23, 2001, At Approximately 0900 hours did you Instruct Corrections Officers ("C/O") Castro, Garcia And Wilson To Escort Donald Glass To (4A2 building sergeant office) your office To Conduct A 602 Appeal Interview with him?" (Doc. 99-3, 26:1-4.) Defendant responded to this interrogatory by stating, "I do not recall." (Id., 26:6.) Plaintiff is required to accept defendant's answer as given, and may not seek to compel a different answer. Plaintiff's motion to compel is denied, with prejudice.

### 3. **Defendant Dill**

**ROG 15:** "Have you Ever been sued In federal or State Civil Court or, Are you At The Present being sued other Than by Donald Glass by Any other Prisoner(s) or Any (CDC) Staff Member or Civilian?" (Doc. 99-3, 45:9-12.) Defendant's objection is sustained. This interrogatory is compound, overly broad, and the relevance has not been shown. Plaintiff's motion to compel is denied, with prejudice.

**ROG 16:** "If yes to Number 15, Please State Specifically And In detail As Accurately As you What Are the Prisoner's Names, CDC Number and Case Numbers Including The Names And Case Numbers of Any (CDC) Staff Member(s) or Civilian(s) who have sued you or who You Are being sued by?" (Doc. 99-3, 45:17-21.) Defendant did not answer yes to number 15. Therefore, no response is due and plaintiff's motion to compel is denied, with prejudice.

**ROG 21:** "If Donald Glass has Documentary (Proof) Evidence That defendants Adkison, Beer, Butts, Gonzales, Morald were (flagging) Tampering with his Incoming and Outing Mail without Donald Glass being on Any Investigation by The Institution Thereby Serving Absolutely No Legitimate Penologies Purpose did you know or Reasonably should have known That Donald Glass' Annual Package would To Misappropriated by such Unlawful Practices?" (Doc. 99-3, 46:21-26.)

///

6

Defendant's objection is sustained.  This interrogatory is unintelligible as framed, and grossly accusatory and argumentative.  Plaintiff's motion to compel is denied, with prejudice.

**ROG 25:** "As IV-A Facility Captain have you Ever ordered A Doctor or Any other Health Care Provider To deny, deprive, Interfer or delay To Not Allow Donald Glass or Any Other Prisoner from Receiving Specific or Certain Type of Medical Treatment?"  (Doc. 99-3, 47:23-26.)  Defendant's objection is sustained.  Plaintiff's position that he did not exceed the interrogatory limit with this question is incorrect.  Interrogatory numbers 8, 9, and 10 each have two parts, and count for a total of six interrogatories.  (Id., 4:15-17 & 22-24, 5:6-8.)  Number 25 exceeds the limit and plaintiff's motion to compel is denied, with prejudice.

### 4. Defendant Adkison

**ROG 14:** "What Are The Names, (CDC) And Log Numbers of Other Prisoners who have filed 602 Appeals Asserting That you, Defendant Gonzales As IV-A Property Officers Misappropriated Their Property (Kept It) or for Any Other Reason(s) denied or deprived Them from Mailing (Out) Home Their Property from March 1, 2001 Through March 7, 2005?"  (Doc. 99-3, 64:13-18.)  Defendant's objection is sustained.  This interrogatory is compound, overly board as to time frame, and confusing as framed.  Further, plaintiff has made no showing how this information is relevant to his claim that defendant Adkison retaliated against him for filing inmate appeals by damaging his television and sending his package home.  Plaintiff is not proceeding on a claim against supervisory personnel that there existed a policy or custom which lead to the violation of his rights.  Rather, plaintiff is seeking to impose liability on defendant Adkison for actions defendant Adkison took against plaintiff.  Thus, plaintiff's assertion that he is seeking information that there exists a policy or custom at CSP-COR does not demonstrate why this information is relevant to plaintiff's specific claim against defendant Adkison.  Plaintiff's motion to compel is denied, with prejudice.

**ROG 15:** "If You And defendant Property Office J. Gonzales Were In Possession of A Letter I sent To My Sister Mrs. Dorris Linda Davis On February 8, 2002 Regarding Who or how My Annual Package Was Mishandled And Misappropriated would This be Proof That You And defendants Gonzales, Beer, Dill, Keener, Buckley, Butt, Castillo, Streeter, Morales, or Other high

7

Ranking Prison Officials at (CSP-COR.) Were (flagging Tampering With All My Incoming And Outgoing federal Mail In Anticipation of Misappropriating My Annual Package?" (Doc. 99-3, 64:25-65:4.)  It is inappropriate for plaintiff to ask a lay witness via interrogatory what a document may or may not be used to prove, as responding calls for speculation and legal opinion.  Plaintiff's motion to compel a response to the complete interrogatory is denied, with prejudice.

**ROG 17:** "Are The Computers in IV-A and IV-B (shu) facilities Property Rooms Connected To Or Have Access To (CSP-COR.) Inmate Trust Account Information ?" (Doc. 99-2, 65:21-23.) Defendant responded to this interrogatory by stating, "I do not recall a computer in the Facility IV-A property room from January 2000 through March 2005 when I was the assigned Facility IV-A property officer." (Id., 65:27-66:2.)  Plaintiff is required to accept defendant's answer as given, and may not seek to compel a different answer.  Plaintiff's motion to compel is denied, with prejudice.

**ROG 21:** "Does ("CCR") CAL. Code Regs. Tit. 15, 3193(b) permits The department And/or (CSP-COR.) To Accept Liability for The destruction of Prisoners Property And Compensation or Reimbursement Per: (CCR) Title 15, 3084.7(e) Lost or damaged Personal Property?" (Doc. 99-3, 67:6-10.)  Defendant's objection is sustained.  As framed, this interrogatory is impossible to answer.  Plaintiff's motion to compel is denied, with prejudice.

**ROG 22:** There is no request 22 set forth in plaintiff's interrogatories to defendant Adkison. (Doc. 99-3, pg. 67; Doc. 99-1, 17:21-23.)  Accordingly, plaintiff's motion to compel is denied, with prejudice.

**ROG 24:** "Did You And defendant Gonzales Refused to Process Donald Glass's CDC-193 Trust Account Withdrawal Orders To Prevent him from Mailing It Out for Repair And To Steal It for Yourselves In Retaliation for Donald Glass filing Appeal Numbers: CSP-C-5-01-1349, CSP-C-5-01-1499?"  (Doc. 99-3, 67:24-28.)  Defendant's objection is sustained.  This interrogatory is compound, vague, ambiguous, and argumentative.  Plaintiff's motion to compel is denied, with prejudice.

### 5.  **Defendant Keener**

**ROG 17:** "Those ("CDC") And/Or ("CSP-COR") Policy And Procedure Authorize You Or Any of Its Employees To force Inmates To Strip Out Totally Nude Then Lay on The floor spread

8

Eagle Oppose to Allowing Them To Cuff Up At Cuff Port In Order for An Inmate to Exit his cell?" (Doc. 99-3, 77:9-13.) Defendant's objection is sustained. This interrogatory is vague, ambiguous, and unintelligible as framed. Plaintiff's motion to compel is denied, with prejudice.

**ROG 23:** "On November 2, 2001, did you Sign A CDC-128-B-Chrono That Was Knowingly false Placing Donald Glass on Strip Cell Status for Ten 10-days from 11.2.01 Through 11.12.01 In Retaliation for filing 602 Appeal No. CSP-C-5-01-1629 And for Accusing you of Unnecessary Excessive Use of force, failure To Protect And Sexual Assault during The October 23, 2001 Cell Extraction?" (Doc. 99-3, 79:14-19.) Defendant's objection is sustained. This interrogatory is unintelligible as framed, and unacceptably accusatory and argumentative. Notwithstanding his objection, defendant answered that he never knowingly signed a false document relating to his duties at CSP. (Id., 79:25-26.) This response goes to the apparent crux of plaintiff's question, which is whether defendant signed a document he knew to be false. Plaintiff is entitled to no further response. Plaintiff's motion to compel is denied, with prejudice.

  **C. Motions for Reconsideration**

    **1. Motion Seeking Reconsideration of Court's Order**

Plaintiff contended that he served POD, set 4, comprised of eight requests, on defendants on April 13, 2006, but received no response. Plaintiff filed a motion to compel a response on June 29, 2006. (Doc. 97, 35:10-14.) In response, defendants contended that there was no evidence to support plaintiff's assertion he served POD, set 4, but they would respond utilizing the eight requests as set forth by plaintiff in his motion to compel. (Doc. 99-1, 41:12-18.) Defendants served a response to POD, set 4, on August 25, 2006. (Doc. 115, 4:1-2.)

The dispute raised by plaintiff in his motion to compel regarding POD, set 4, was resolved by the court in its order of November 16, 2006. The court denied plaintiff's motion to compel a response as moot because defendants served a response after plaintiff filed his motion to compel. In its order of January 26, 2007, the court clarified that its order of November 16, 2006, did not preclude plaintiff from filing a new motion to compel if he was dissatisfied with defendants' response to POD, set 4. Plaintiff seeks reconsideration of the court's order of November 16, 2006, as it relates to POD, set 4.

9

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id. When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Plaintiff contends that the denial of his motion to compel deprives him of discovery to which he is entitled, and because defendants did not produce any documents when they responded, the court should grant his motion to compel. The court did not err. At the time plaintiff filed his motion to compel, defendants had not served any response to POD, set 4, and plaintiff sought to compel a response. After plaintiff filed his motion to compel but before the court ruled on the motion to compel, defendants served a response to POD, set 4. The court properly denied plaintiff's motion to compel an initial response as moot in light of the fact that a response was served after the motion to compel was filed. To the extent that plaintiff is dissatisfied with the response, his remedy is to file a new motion to compel setting forth the basis of the discovery dispute. Plaintiff's remedy is not

to insist that his initial motion to compel was not rendered moot by the service of a response. It clearly was rendered moot and plaintiff's position that he is entitled to reconsideration of the court's ruling is without merit. Plaintiff's motions for reconsideration are denied, with prejudice.

### 2.    Motion to Compel a Response to POD, Set Four

In addition to seeking reconsideration, plaintiff set forth in his amended motion for reconsideration a motion to compel further responses to POD, set 4, although he failed to notice the motion properly. Plaintiff's POD requests discussed below are taken from his motion to compel filed June 29, 2006, as that is the filing defendants used to frame their response.

**POD 1:** "Please produce and relinquish the confidential portion of Donald Glass' Central File ("C-File")." (Doc. 97, 21:6-7.) Defendants' objection is sustained. This request is overly broad as it seeks the entire confidential section. Further, plaintiff fails in his motion to compel to justify the relevance of this request as framed. (Doc. 138, 7:9-8:8.) Plaintiff essentially reiterates the bases for his claims, asserts that he is seeking relevant, admissible evidence, and states that the confidential section contains false information that is relevant to this litigation. The court is unpersuaded. Plaintiff is engaging in a fishing expedition in an attempt to gain access to the entire confidential section of his central file. Plaintiff has set forth no argument demonstrating that the confidential section contains information relevant to his claims in this action. Plaintiff's motion to compel is denied, with prejudice.

**POD 2:** "Please produce and relinquish the personnel files of defendants D. Adkison, R. Beer, J. Buckley, W. Butts, V. Castillo, N. Dill, J. Gonzales, J. Keener, T. Lloren, J. Marshall, D. Morales, R. Sloss and B. Streeter which include but not limited to the 'confidential portion of the defendants and all them (employee) personnel files.'" (Doc. 97, 21:8-12.) Defendants' objection is sustained. This request suffers from the same problems as POD 1. Plaintiff may not use discovery as a fishing expedition entitling him to review defendants' personnel files in their entirety. As framed, plaintiff's request is overly broad, and plaintiff has made no specific showing with respect to relevancy. Plaintiff's motion to compel is denied, with prejudice.

**POD 3:** "Please produce and relinquish copies of the post orders for defendants (correctional officers) Adkison, Butts, Gonzales, Morales and Sloss pertaining to their duties on IV-A-1L, IV-A

11

2L and IV-A-2R (SHU) facility buildings from March 1, 2001 through June 30, 2002." (Doc. 97, 21:13-16.) Defendants explain that Post Orders are confidential and "contain specific and detailed descriptions and staff responsibility of each post within the institution." (Doc. 129, 8:26-27 & Davis Dec.) "Post Orders also contain security information, such as a schedule of inmate counts, alarm response procedures and use of force policy," and "detail the institutional emergency response procedures and protocols for specific incidents, such as escapes and assaults." (Id., 8:28-9:3 & Davis Dec.) Plaintiff argues that he is entitled to production of the Post Orders because they would show that defendants Adkison and Gonzales were in a position as property officers to misappropriate plaintiff's television and annual package, in contravention of institutional policies and procedures. (Doc. 138, 11:15-19.) Plaintiff further argues that the Post Orders would demonstrate that defendants Butts, Morales, and Sloss were inadequately trained by defendants Beer, Keener, Dill, and Marshal, and that inadequacy was "tantamount to the civil rights violations inflicted on plaintiff in the form of excessive use force, sexual assault and failure to protect causing plaintiff serious. . ." injuries. (Id., 12:2-6.)

With respect to defendants Adkison and Gonzales, the court does not perceive the relevance of the Post Order to plaintiff's claim. The issue is whether or not defendants retaliated against plaintiff because he filed inmate appeals. This issue is not whether or not defendants were property officers. It is undisputed that they were property officers. (Docs. 99-3, 63:6-13; 99-4, 5:22-28.) Further, the court has before it the benefit of defendants' motion for summary judgment and they make no argument that they were not property officers or that they were not in a position confiscate and/or interfere with plaintiff's personal property. (Docs. 103, 104.) Plaintiff has not met his burden of demonstrating the relevance of the Post Order to his claim, and his motion to compel is denied, with prejudice.

With respect to defendants Beer, Keener, Dill, and Marshal, plaintiff's argument does not demonstrate how the Post Orders applicable to their positions are relevant to his claims against them. Plaintiff's claims arise from defendants' direct involvement in the violation of his rights. Plaintiff is not proceeding on a failure to train theory or supervisory liability theory. Plaintiff has not met his

///

burden of demonstrating the relevance of the Post Orders and his motion to compel is denied, with prejudice.

**POD 4:** "Please produce and relinquish copies of the post orders for defendants Beer, Keener and Dill as custodial manager and program/supervisors for IV-A facility (SHU) buildings from March 1, 2001 through June 30, 2002." (Doc. 97, 21:17-19.) Plaintiff argues that the Post Orders are "relevant to how defendants Beer, Keener and Dill as custodial manager and program and/or building supervisors on IV-A SHU Facility of training policies and procedures on (cell extractions) the calculated use of force on prisoners and under what circumstances officers should use force or refrain from using force," and the "orders are relevant as they relate to managerial and supervisorial responsibilities on how prison guards are trained or lack thereof." (Doc. 138, 12:14-19.) Plaintiff's argument does not demonstrate how the Post Orders applicable to defendants Beer, Keener, and Dill's positions are relevant to his claims against them. Plaintiff's claims arise from defendants' direct involvement in the violation of his rights. Plaintiff is not proceeding on a failure to train theory or supervisory liability theory. Plaintiff has not met his burden of demonstrating the relevance of the Post Orders and his motion to compel is denied, with prejudice.

**POD 5:** "Please produce and relinquish copies of the post orders or its equivalent for defendants (appeals coordinators) J. Buckley, V. Castillo and V. Castillo at (CSP-COR) from March 1, 2001 through June 30, 2002." (Doc. 97, 21:20-22.) Plaintiff argues that he "seeks relevant information pursuant to DOM 51040.1 through 51050.16 as follows: audits and information on how many appeals are Granted or Denied on (1 excessive use of force, (2) classification-group appeals, (3 medical, (4 dental, (5 disciplinary, (6 trust account mismanagement, (7 policy or custom of retaliatory act for filing appeals and lawsuits and finally (8 how many appeals are referred to Office of Internal Affairs ("O.I.A.") in Bakersfield or Sacramento for excessive use of force pursuant to DOM 54100.1 through 5400.3." (Doc. 138, 13:20-26.) Plaintiff's argument does not demonstrate how the Post Order applicable to defendants Buckley and Castillo's position is relevant to his retaliation claims against them. Indeed, plaintiff's argument addresses matters which appear to have nothing to do with Post Orders or his specific claims against defendants. Plaintiff's motion to compel is denied, with prejudice.

**POD 6:** "Please produce and relinquish copies of the post orders or its equivalence for defendants J. Marshall, as Chief Deputy Warden ("CDW") of Prison Operations at (CSP-COR) from March 1, 2001 through August 31, 2003." (Doc. 97, 21:23-25.) Plaintiff argues that he "seeks complete and adequate information of defendant Marshall's responsibilities during classification hearings regarding inmates allegation of excessive use force, destruction of inmate property, retaliation for filing grievances and/or lawsuits against staff, and what if any disciplinary actions or investigations are taken against prison guards for such allegation by inmates." (Doc. 138, 14:3-8.) Plaintiff's argument does not demonstrate how the Post Order applicable to defendant Marshall's position is relevant to his retaliation claim against Marshall. Plaintiff's motion to compel is denied, with prejudice.

**POD 7:** "Please produce and relinquish copies of the post orders or its equivalence for defendant T. Lloren as inmate trust account supervisor/staff at (CSP-COR) from March 1, 2001 through August 31, 2003." (Doc. 97, 21:26-28.) Plaintiff argues that he seeks information relevant to his claim that "defendant Lloren mismanaged and frozed plaintiff's trust account as a deterrent in retaliation for exercising his First Amendment right to file inmate grievances particularly informal level appeal no. 04A-01-12-008 and to possibly filing an amended complaint. . . ." (Doc. 138, 14:18-21.) Plaintiff's argument does not demonstrate how the Post Order applicable to defendant Lloren's position is relevant to his retaliation claim against Lloren. Plaintiff's motion to compel is denied, with prejudice.

**POD 8:** "Please produce and relinquish copies of the State of California Freedom of Information laws." (Doc. 97, 22:1-2.) Defendants' objection is sustained. This is an improper request. Plaintiff may not use discovery as a tool to compel defendants to conduct legal research and provide him with results of that research, regardless of how easily and cheaply defendants could do so. (Doc. 138, 15:15-17.) In addition, plaintiff has made no showing that this request is relevant to his claims in this lawsuit. Plaintiff's motion to compel is denied, with prejudice.

**D.    Motion for Extension of Time to Serve Rephrased Discovery Requests**

The deadline for the completion of all discovery was July 3, 2006. (Doc. 95.) However, discovery remains open limited to specific issues set forth in the court's order of November 16, 2006,

14

some of which have been resolved in their finality by this order. (Doc. 124.) Pursuant to the court's order of November 16, plaintiff was permitted thirty days within which to reformat and re-serve the following discovery requests: **(1)** Dill RFAs, Set One, Numbers 16 and 17, **(2)** POD, Set One, Number 1, **(3)** POD, Set One, Number 8, **(4)** POD, Set One, Number 9, **(5)** POD, Set Two, Number 1, **(6)** POD, Set Two, Number 4, and **(7)** POD, Set Three, Number 1.

On January 24, 2007, plaintiff filed a motion seeking an extension of time to redraft and re-serve the discovery requests and set forth the problems he had when he attempted to obtain photocopies, which ultimately culminated in the loss of plaintiff's original requests. Good cause having been shown, plaintiff is granted thirty days from the date of service of this order within which to re-serve his requests. Given that the requests are limited in number to eight, it does not appear unduly burdensome for plaintiff to re-draft the requests and, if unable to make photocopies, to make a handwritten copy for his own records. Discovery requests should not be filed with the court, so one original for service on defendants and one copy for plaintiff's records is all that plaintiff needs to comply with the court's order.

### E. Order to Show Cause to Follow in Due Course

In its order of November 16, 2006, the court stated:

> Plaintiff is granted leave to file an amended motion to compel further responses to his interrogatories so that he may, for each request, identify the relevance and state, briefly if possible, why the objection is not justified. Plaintiff's amended motion is due within thirty days from the date of service of this order. Although the court has neither the resources nor the inclination to review every interrogatory plaintiff seeks to compel a response to at this juncture given plaintiff's failure to meet his burden, the court notes a pattern of questioning it does not view with favor. For example, plaintiff sought to compel the social security numbers, dates of birth, and cities and counties of residence for correctional staff. (*See e.g.*, Sloss Rogs, Doc. 97, Motion, 8:26-9:2; Doc. 99, Opp., Def. Ex. N.) The court can envision *no* circumstance under which this information is discoverable by plaintiff. It appears irrelevant and calculated to place in jeopardy the private, personal information of correctional staff.
>
> Further, a number of plaintiff's interrogatories were framed in argumentative, inflammatory language that do not lend themselves to proper responses. For example, plaintiff asks defendant Adkison, "Did You and defendant Gonzales Refused to Process Donald Glass's CDC-193 Trust Account Withdrawal Orders to Prevent him from Mailing It Out for Repair and to Steal It for Yourselves in Retaliation for Donald Glass filing Appeal Numbers: CSP-C-5-01-1349, CSP-C-5-01-1499?" (Opp. Ex. J, Number 24.) Plaintiff's allegations in this action are in dispute. Some of plaintiff's interrogatories are worded in such an argumentative way that they make it virtually impossible for defendants to answer.

Finally, plaintiff is seeking to compel further responses to some interrogatories that have been answered. For example, plaintiff asks defendant Lloren, "Was The $5,85 dollar hold That you placed on Donald Glass's Inmate Trust Account "Twice" A Mistake or was It done knowingly And Willfully solely for The purpose To harass or Extortion And/or To mismanage Donald Glass's Inmate Trust Account Funds?" (Opp. Ex. D, Number 14.) Defendant objected but notwithstanding the objections, answered, "I do not recall this specific hold. As a general practice, I processed all trust withdrawals according to office procedures." (Id.) If a question has been asked and answered, plaintiff may seek to compel a further response if he can make a showing that the answer is incomplete or non-responsive. Plaintiff may not seek to compel an answer simply because he does not like the answer and would prefer a different one. Further, a bare assertion that answer is not honest is not grounds to compel.

Plaintiff is being given an opportunity to file an amended motion to compel so that he may make the required showing as to each interrogatory he is seeking to compel a response to (why it is relevant and why defendants' objections are not justified). Plaintiff is cautioned to review this order very carefully. If the court finds that plaintiff is improperly seeking to compel responses in his amended motion, plaintiff will find himself facing sanctions under the court's inherent authority for harassing the court and defendants' counsel, and wasting the resources of this court and defendants' counsel.

(Doc. 124, 8:13-9:21.)

Despite this admonition, plaintiff proceeded to move to compel responses to the very interrogatories directed to Adkison and Lloran used as examples by the court in the order cited above. Plaintiff also moved to compel other interrogatories that fell within the categories addressed by the court in its order of November 16. As such, plaintiff did not heed the court's order.

Plaintiff was warned that if he wasted the resources of this court, he would be subject to sanctions. In a separate order to be issued in due course, plaintiff will be provided with the opportunity to show cause why he should not be sanctioned. Any response by plaintiff to this subsection of this order prior to the issuance of the order to show cause will be stricken from the record.

**F.   Conclusion**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's amended motion to compel, filed January 24, 2007, is DENIED, with prejudice;

2. Plaintiff's motions for reconsideration, filed January 24, 2007, and February 12, 2007, are DENIED, with prejudice;

16

3. Plaintiff's motion to compel responses to his request for the production of documents, set four, is DENIED, with prejudice;

4. Plaintiff's motion for an extension of time to redraft and re-serve the discovery requests in compliance with the court's order of November 16, 2006, filed January 24, 2007, is GRANTED; and

5. Plaintiff has **thirty (30) days** from the date of service of this order within which to redraft and re-serve the limited discovery requests set forth in the court's order of November 16, 2006.

IT IS SO ORDERED.

Dated:    **March 22, 2007**              /s/ Sandra M. Snyder
icido3                                       UNITED STATES MAGISTRATE JUDGE