# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS, | CASE NO. 1:04-cv-05466-OWW-SMS PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL OR FOR SANCTIONS |
| v. | (Doc. 142) |
| R. BEER, et al., | |
| Defendants. | |

**I.  Order**

    **A.  Procedural History**

Plaintiff Donald Glass ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed March 22, 2004, against defendants Beer, Keener, Sloss, Morales, and Dill for violation of the Eighth Amendment, and against defendants Beer, Keener, Sloss, Morales, Dill, Butts, Adkison, Gonzales, Castillo, Buckley, Streeter, Marshall, and Lloren for retaliation in violation of the First Amendment. (Doc. 20.) On November 16, 2006, the court issued a lengthy, detailed order granting in part and denying in part plaintiff's motion to compel. (Doc. 124.) Pursuant to the order, plaintiff's motion to compel production of four videotapes was granted, subject to the creation of a procedure that would allow plaintiff to view the videotapes but preserve the safety and security of the institution. (Doc. 124, 28:14-29:25.) Defendants' counsel was provided with the opportunity to devise a solution that would allow plaintiff to view the tapes. (Id.) On November 29, 2006, counsel notified the court that the tapes would be kept in the Litigation Office and would be made available for

1

plaintiff to review upon notice to counsel, who would then contact prison officials to schedule a review. (Doc. 127.) In the notice, it was stated, without supporting evidence, that defendants' inquiry revealed only two tapes. (Id.)

On March 5, 2007, plaintiff filed a motion to compel production of two videotapes or for sanctions in the amount of $25,000.00 if the tapes have been destroyed. (Doc. 142.) Defendants filed an opposition on March 26, 2007, and plaintiff filed a reply on April 12, 2007.[1] (Docs. 144, 147.)

### B. Motion to Compel or for Sanctions

Plaintiff's position is that four videotapes relating to the incident of excessive force at issue in this action were made. (Doc. 142.) Two tapes were made on October 23, 2001, one tape was made on October 24, 2001, and one tape was made on December 28, 2001. (Id.) Defendants produced a tape made on October 23, 2001, and a tape made on October 24, 2001. (Id.) Plaintiff seeks the production of the other two tapes or sanctions if the tapes have been destroyed. (Id.) In support of his motion, plaintiff submits documentary evidence in which it is stated that plaintiff's staff complaint interview was videotaped on December 28, 2001. (Id., court record pg. 17.)

Defendants' position is that there exists a tape of the cell extraction made on October 23, 2001, and a tape of an interview made on October 24, 2001. (Doc. 114, Gonzalez Dec., ¶3.) Although it had been thought that there was an interview tape from October 23, 2001, the equipment malfunctioned and the interview was taped on October 24, 2001. (Id.) No tape of an interview on December 28, 2001, was found, despite three searches. (Id., ¶¶3, 7.)

The court cannot further compel defendants to produce videotapes they contend, under penalty of perjury, do not exist. Both plaintiff and the court are required to accept defendants' response that there exist only two tapes, absent evidence to the contrary. For this reason, plaintiff's motion to compel production of the two tapes must be denied.

///

---

[1] Plaintiff's assertion that defendants' opposition was untimely is baseless. Plaintiff's motion was filed on March 5, 2006, and defendants' opposition was timely filed twenty-one days later. Local Rule 78-230(m). On the other hand, plaintiff's reply was untimely. Id.

2

Turning to plaintiff's motion for sanctions based on destruction, or spoliation, of evidence, "as soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." Ameripride Svcs., Inc. v. Valley Indus. Serv., Inc., No. CIV-S-00-113 LKK/JFM, 2006 WL 2308442, at *4 (E.D. Cal. Aug. 9, 2006) (citing National Ass'n of Radiation Survivors v. Turnage, 115 F.R.D. 543, 566-67 (N.D. Cal. 1987)). The court has inherent power to sanction parties or their attorneys for improper conduct, Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001), which includes spoliation of evidence, World Courier v. Barone, No. C 06-3072 TEH, 2007 WL 1119196, at *2 (N.D. Cal. Apr. 16, 2007); Ameripride Svcs., Inc., 2006 WL 2308442, at *4.

The imposition of sanctions under the court's inherent authority is discretionary. Air Separation, Inc. v. Underwriters at Lloyd's of London, 45 F.3d 288, 291 (9th Cir. 1995). A court's inherent powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Chambers, 501 U.S. at 43. Such inherent power "is not a broad reservoir of power, ready at an imperial hand, but a limited source; an implied power squeezed from the need to make the court function." Id. at 42. "Because inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion." Roadway Express, Inc., 447 U.S. at 764.

In order to sanction a litigant under the court's inherent powers, the court must make a specific finding of "bad faith or conduct tantamount to bad faith." Fink, 239 F.3d at 994. Although mere recklessness is insufficient to support sanctions under the court's inherent powers, "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose" is sufficient. Id. at 993-94.

Defendants have submitted evidence under penalty of perjury that (1) they conducted three searches for the videotapes, (2) they located only two tapes, (3) the interview thought to be taped on October 23, 2001, was taped on October 24, 2001, due to an equipment malfunction, and (4) they were unable to locate a tape made on December 28, 2001. Although plaintiff describes defendants'

///

3

evidence as "sham" declarations and false, absent evidence of this, plaintiff and the court must accept defendants' response that only two tapes were found.

Although plaintiff has submitted evidence supporting his contention that his inmate appeal interview was taped on December 28, 2001, defendants were not able to locate that tape. Plaintiff has submitted no evidence that defendants tampered with evidence, that the tape was intentionally destroyed, or that defendants are lying that they did not locate the tape. Plaintiff may not conclude that because he was interviewed on December 28, 2001, but no tape was found, defendants are lying and/or are either hiding evidence or destroyed the evidence. There is simply no evidence in the record to support such a conclusion.

Further, defendants have submitted evidence that interview thought to be taped on October 23, 2001, was taped on October 24, 2001, due to an equipment malfunction.[2] Plaintiff has submitted no evidence that this statement is false. Common sense dictates that an equipment malfunction may manifest itself in number of ways, and is not something that plaintiff would necessarily have been aware of on October 23, 2001. For example, a review of the tape made after the interview might have revealed that the tape was blank.

In this instance, there is no evidence that defendants destroyed the videotapes, knowingly or otherwise. Therefore, plaintiff's motion must be denied.

**C.   Conclusion**

For the reasons set forth herein, plaintiff's motion to compel or for sanctions, filed March 5, 2007, is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   May 17, 2007**              /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE

---

[2] Although plaintiff contends that defendants have submitted nothing more than their word, defendants submitted a declaration attesting to this fact. That constitutes evidence of the fact, and plaintiff tendered no legal evidentiary objection to the declaration.