1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS, | CASE NO. 1:04-cv-05466-OWW-SMS PC |
|             Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL OF UNDERSIGNED, WITH PREJUDICE |
|    v. | (Doc. 156) |
| R. BEER, et al., | |
|             Defendants. | ORDER REQUESTING DEFENDANTS' COUNSEL FACILITATE PLAINTIFF'S ACCESS TO HIS LEGAL MATERIAL FOR THE LIMITED PURPOSE OF ADDRESSING THE EIGHT OUTSTANDING DISCOVERY REQUESTS, AND REQUIRING COUNSEL TO FILE A STATUS REPORT WITHIN THIRTY DAYS |
| | (Doc. 156) |
| _____/ | |

I.      Order

     A.      Motion for Recusal

     Plaintiff Donald Glass ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On June 25, 2007, plaintiff filed a motion requesting that the

///

///

///

1

undersigned recuse herself from presiding over any further proceedings in this case.[1]  Defendants did

not file a response.

"A judge is required to disqualify [her]self if h[er] impartiality might reasonably be

questioned, or if [s]he has a personal bias or prejudice for or against a party."  Hasbrouck v. Texaco,

Inc., 842 F.2d 1034, 1045 (9th Cir. 1988) (citing 28 U.S.C. §§ 455(a), 455(b)(1)), aff'd, 496 U.S.

543, 110 S.Ct. 2535 (1990).  "The bias must stem from an extrajudicial source and not be based

solely on information gained in the course of the proceedings."  Id. (citing In re Beverly Hills

Bancorp, 752 F.2d 1334, 1341 (9th Cir. 1984)).  "'Judicial rulings alone almost never constitute a

valid basis for a bias or partiality motion.'"  In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir.

2004) (quoting Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147 (1994)).  "'In and of

themselves . . , they cannot possibly show reliance upon an extrajudicial source; and can only in the

rarest circumstances evidence the degree of favoritism or antagonism required . . . when no

extrajudicial source is involved.'"  Id.

The basis for plaintiff's motion is his dissatisfaction with the court's rulings.  Plaintiff

contends that with the exception of motions for extensions of time, all of plaintiff's motions have

been denied and all of defendants' motions have been granted.  Plaintiff's contention is without

merit, and in any event, the court's rulings in this action provide no basis for recusal.

B.    Access to Legal Property

The deadline for the completion of all discovery in this action was July 3, 2006.  (Doc. 95.)

However, pursuant to the court's order of November 16, 2006, plaintiff was permitted thirty days

within which to reformat and re-serve the following discovery requests:  (1) Dill RFAs, Set One,

Numbers 16 and 17, (2) POD, Set One, Number 1, (3) POD, Set One, Number 8, (4) POD, Set One,

---

[1] Plaintiff filed a notice of appeal on June 21, 2007.  Although the filing of a notice of appeal generally
divests a district court of jurisdiction to determine the "substantial rights" at issue in an action during the pendency
of the appeal, Pyrodyne Corp. v. Pyrotronics Corp., 847 F. 2d 1398, 1403 (9th Cir. 1988), an exception to this rule
exists where a deficiency in the notice of appeal "is clear to the district court."  Ruby v. Secretary of the United
States Navy, 365 F. 2d 385, 389 (9th Cir. 1966).  In such a case the district court may proceed with the case
"knowing that it has not been deprived of jurisdiction."  Id.  Because it is completely "clear to the district court" that
no appeal lies from the court's discovery orders, the court knows "that it has not been deprived of jurisdiction" over
this action.  Therefore this action shall proceed in spite of the filing of June 21, 2007 appeal.

1  Number 9, (5) POD, Set Two, Number 1, (6) POD, Set Two, Number 4, and (7) POD, Set Three,

2  Number 1. (Doc. 124.)  On March 23, 2007, and May 18, 2007, plaintiff was granted thirty-day

3  extensions of time to comply with November 16 order.  (Docs. 143, 153.)  In his June 25, 2007,

4  motion seeking recusal, plaintiff states that he is unable to reformat and re-serve his discovery

5  requests because his personal and legal property has been confiscated.

6          Defendants' motion for summary judgment has been pending for more than one year, and the

7  discovery issue set forth above is the only remaining issue to be resolved before plaintiff is required

8  to file a response to defendants' motion.  Fed. R. Civ. P. 56(f).  Defendants' counsel is requested to

9  contact the Litigation Coordinator at CSP-Corcoran and attempt to facilitate some procedure which

10 will allow plaintiff to access his legal material, limited to what is necessary to reformat and re-serve

11 his eight discovery requests.[2]   Counsel shall file a status report within thirty days.

12         C.    Conclusion

13         Based on the foregoing, it is HEREBY ORDERED that:

14         1.    Plaintiff's motion requesting that the undersigned recuse herself, filed June 25, 2007,

15                is DENIED, with prejudice;

16         2.    Defendants' counsel is requested to contact the Litigation Coordinator at CSP-

17                Corcoran and attempt to facilitate some procedure which will allow plaintiff to access

18                his legal material, limited to what is necessary to reformat and re-serve his eight

19                discovery requests; and

20         3.    Defendants' counsel shall provide the court with a status report on this issue within

21                **thirty (30) days** from the date of service of this order.

22

23 IT IS SO ORDERED.

24 **Dated:    August 15, 2007**              _____/s/ Sandra M. Snyder_____
                                            UNITED STATES MAGISTRATE JUDGE

25

26

27 _____

28        [2] Prison officials shall retain the discretion to fashion whatever procedure they deem necessary in light of
institutional safety and security concerns.