1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS, | ) CASE NO. 1:04-cv-05466-OWW-SMS PC |
| Plaintiff, | ) |
| | ) ORDER GRANTING AND DENYING |
| v. | ) PLAINTIFF'S MOTION FOR ATTENDANCE |
| | ) OF INCARCERATED WITNESSES |
| R.W. BEER, et al., | ) |
| Defendants. | ) (Docs. 190, 191, 192, 193, 194, |
| | ) and 195) |
| _____ | ) |

I.   <u>Order</u>

     A.   <u>Procedural History</u>

     This is a civil rights action filed pursuant to 42 U.S.C. §
1983 by Plaintiff Donald Glass, a state prisoner proceeding pro
se.  This action is proceeding on Plaintiff's complaint, filed
March 22, 2004, against Defendants Beer, Keener, Sloss, Morales,
and Dill for violation of the Eighth Amendment, and against
Defendants Beer, Keener, Sloss, Morales, Dill, Butts, Adkison,
Gonzales, Castillo, Buckley, Streeter, Marshall, and Lloren for
retaliation.  December 28, 2009, Plaintiff filed motions
requesting a court order directing Defendants to provide the
Court and Plaintiff with the prison address and location of six
incarcerated witnesses, who refused to testify voluntarily, that

1  they be brought to court to attend trial.   (Docs. 190, 191, 192,
2  193, 194, and 195.)   Defendants filed their opposition to this
3  motion January 12, 2010.   (Doc. 197.)   Plaintiff filed a reply
4  February 16, 2010.   (Doc. 203.)

5      Plaintiff essentially requests an order identifying the
6  location of his six incarcerated witnesses and that they be
7  brought to court to testify at the trial of this action.
8  Plaintiff'S motions are CONSTRUED as motions for attendance of
9  incarcerated witnesses.

10      B.   Timeliness

11      The Second Scheduling Order delineated that Plaintiff must
12  file any motion for incarcerated witnesses to attend the trial of
13  this matter concurrent with his pretrial statement, on or before
14  December 15, 2009.   (Doc. 184, pp. 2-3.)   Plaintiff's motions
15  were filed December 28, 2009.   (Docs. 190 - 195.)   Under ordinary
16  circumstances, Plaintiff's motions would be denied as untimely –
17  which Defendants raised in their opposition.   However, January 8,
18  2010, Plaintiff filed a motion explaining that he had not been
19  able to timely file his pretrial statement (and concurrent
20  motions for attendance of incarcerated witnesses) because of
21  racial tension, prisoner on prisoner violence, dense fog, power
22  outages, and other security concerns which caused the facility in
23  which he is housed to be on and off "lock down" such that, while
24  he received a ducat to go to the law library on December 15,
25  2009, Plaintiff was not actually allowed access to the law
26  library until December 21, 2009.   (Doc. 196.)   Plaintiff's proof
27  of service notes that both his pretrial statement and his motions
28  for attendance by unincarcerated witnesses were deposited with

2

prison staff for mailing on December 21, 2009.   (Doc. 192, p. 3.)
Granting the leniencies accorded to a pro se inmate, Plaintiff's
motions for attendance of incarcerated witnesses will be
considered on the merits rather than summarily dismissed on
procedural grounds.

     C.   <u>Legal Standard</u>

    As stated in the Second Scheduling Order,

> An incarcerated witness who agrees voluntarily
> to attend trial to give testimony cannot come to
> court unless the Court orders the warden or other
> custodian to permit the witness to be transported to
> court. The Court will not issue such an order unless
> it is satisfied that: (a) the prospective witness is
> willing to attend; and (b) the prospective witness
> has actual knowledge of relevant facts.
> A party intending to introduce the testimony of
> incarcerated witnesses who have agreed voluntarily to
> attend the trial must serve and file concurrent with
> the pre-trial statement a written motion for a court
> order requiring that such witnesses be brought to
> court at the time of trial. The motion must: (1)
> state the name, address, and prison identification
> number of each such witness; and (2) be accompanied
> by declarations showing that each witness is willing
> to testify and that each witness has actual knowledge
> of relevant facts. The motion should be entitled
> "Motion for Attendance of Incarcerated Witnesses."
> The willingness of the prospective witness can
> be shown in one of two ways: (1) the party himself
> can swear by declaration under penalty of perjury
> that the prospective witness has informed the party
> that he or she is willing to testify voluntarily
> without being subpoenaed, in which declaration the
> party must state when and where the prospective
> witness informed the party of this willingness; or
> (2) the party can serve and file a declaration,
> signed under penalty of perjury by the prospective
> witness, in which the witness states that he or she
> is willing to testify without being subpoenaed.
> The prospective witness's actual knowledge of
> relevant facts can be shown in one of two ways: (1)
> if the party has actual firsthand knowledge that the
> prospective witness was an eyewitness or an ear-
> witness to the relevant facts (i.e., if an incident
> occurred in Plaintiff's cell and, at the time,
> Plaintiff saw that a cellmate was present and
> observed the incident, Plaintiff may swear to the
> cellmate's ability to testify), the party himself can

swear by declaration under penalty of perjury that
the prospective witness has actual knowledge; or (2)
the party can serve and file a declaration signed
under penalty of perjury by the prospective witness
in which the witness describes the relevant facts to
which the prospective witness was an eye- or ear-
witness. Whether the declaration is made by the party
or by the prospective witness, it must be specific
about the incident, when and where it occurred, who
was present, and how the prospective witness happened
to be in a position to see or to hear what occurred
at the time it occurred.

The Court will review and rule on the motion for
attendance of incarcerated witnesses, specifying
which prospective witnesses must be brought to court.
Subsequently, the Court will issue the order
necessary to cause the witness's custodian to bring
the witness to court.

(Doc. 184, 2nd Sch. Ord., pp. 2-3.)

Plaintiff requests the whereabouts of, and the attendance at

the trial in this matter by, six inmates, to wit: Wittier

Buchanan inmate number K02554 (Doc. 191); Jason Ortiz inmate

number P72425 (Doc. 195); Rodney Fleming inmate number E09596

(Doc. 192); Robert S Milton inmate number T06653 (Doc. 194); Eric

Jackson inmate number D47735 (Doc. 193); and James Thompson

inmate number C89908 (Doc. 190).

Mr. Ortiz paroled in September of 2009 and Mr. Fleming

paroled in July of 2009.  Thus, since Mr. Ortiz and Mr. Fleming

are no longer incarcerated, an incarceration custodian cannot be

ordered to produce them to testify at trial.

Plaintiff has not shown that inmates Jackson, Thompson, and

Milton have personal knowledge of information that is relevant in

this case to necessitate their attendance at the trial of this

matter. As to these three individuals, Plaintiff only presents

information that each:  has "personal knowledge" that Defendants

Beer and Morales are particularly violent prison officials who

4

have beaten defenseless prisoners at CSP-Cor (Doc. 194, Milton, ¶ 2; Doc. 193, Jackson, ¶ 2; Doc. 190, Thompson, ¶ 2); "has himself been victimized by Defendants Beer and Morales violent behavior when they beat him up and seriously injured him as a perverted form of prison justice" (Doc. 194, Milton, ¶ 3; Doc. 193, Jackson, ¶ 3; Doc. 190, Thompson, ¶ 3); "has personal knowledge that Defendants Marshall, Dill, Keener, Buckley, Castillo, and Streeter were absolutely aware that Defendants Beer and Morales had beat up and seriously injured so many handcuffed prisoners from the numerous 602 complaints/appeals filed by all those injured prisoners and the numerous CDC-837 incident reports generated from these violent incidents" (Doc. 194, Milton, ¶ 4; Doc. 193, Jackson, ¶ 4; Doc. 190, Thompson, ¶ 4); and "has personal knowledge and information that Defendants Dill, Keener, Marshall, Buckley, Castillo and Streeter used their positions as high ranking prison officials and administrators at ("CSP-Cor") to cover up (criminal code of silence or SCP-Cor Green Wall of silence) Defendants Beer, Morales and a C/O named B. David violent behavior and violence against so many inmates that they attacked and beat up from 2001 through 2004" (Doc. 194, Milton, ¶ 5; Doc. 193, Jackson, ¶ 5; Doc. 190, Thompson, ¶ 5).

Only relevant evidence (i.e. that which tends to prove or disprove a material fact in question) is admissible at the trial of an action. Fed. R. Evid. 401 & 402. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith, but may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identify, or

absence of mistake or accident.   Fed. R. Evid. 404.

        Plaintiff argues that inmates Jackson, Thompson, and Milton
should be allowed to testify as to the violent reputations of
Defendants Beer and Morales and that Defendants Marshall, Dill,
Castillo, Buckley, Keener, and Streeter as to their "notorious
reputation" of authorizing and/or condoning shootings and violent
assaults on inmates by Defendants Beer and Morales.  (Doc. 203,
p. 4:3-12.)  Yet, any such evidence could be offered in this case
for no purpose other than to show action by Defendant(s) in
conformity with prior alleged bad acts – which, as Defendants
correctly point out, is inadmissible character evidence under
Rule 404, of the Federal Rules of Evidence.  Further, in
determining whether to grant Plaintiff's motion for the
attendance of inmates Jackson, Thompson, and Milton, factors to
be taken into consideration include (1) whether the inmates'
presence will substantially further the resolution of the case,
(2) the security risks presented by the inmates' presence, (3)
the expense of transportation and security, and (4) whether the
suit can be stayed until the inmate is released without prejudice
to the cause asserted.  Wiggins v. County of Alameda, 717 F.2d
466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d
1415, 1422 (9th Cir. 1994) (district court did not abuse its
discretion when it concluded the inconvenience and expense of
transporting inmate witness outweighed any benefit he could
provide where the importance of the witness's testimony could not
be determined), abrogated on other grounds by Sandin v. Conner,
515 U.S. 472, 115 S.Ct. 2293 (1995).  In this case, since
Plaintiff has not shown that inmates Jackson, Thompson, and

Milton will provide admissible evidence, their presence will not substantially further the resolution of the case so as to justify the risks and expenses of transporting them to testify at the trial of this matter.

Thus, the custodian(s) of Mr. Jackson, Mr. Thompson, and Mr. Milton will not be ordered to transport these inmates to testify at the trial of this action.

Plaintiff has, however, shown that inmate Buchanan has actual knowledge of relevant facts in as much as Plaintiff submitted a declaration under penalty of perjury that inmate Buchanan was in a cell "only several cells away" and was a percipient witness to the October 23, 2010 incident (Doc. 191, ¶ 3); witnessed Defendants Beer, Butts, and Keener supervising the rolling up and inventory of Plaintiff's personal property which was removed from Plaintiff's cell and left unsecured in the rotunda/hallway area from October 23, 2001 through October 28, 2001 (*Id*. at ¶ 4); and has evidence which would contravene defendants' evidence as to how Plaintiff's hearing aids were disposed of and television set damaged (*Id*. at ¶ 5). The latter statement is not specific enough to justify inmate Buchanan's attendance at the trial in this matter, but the two former statements warrant an order to cause inmate Buchanan's custodian to transport him to testify during the trial of this case. While Plaintiff indicates that, due to the passage of time, he is unsure whether inmate Buchanan is still willing to voluntarily testify, Plaintiff has sufficiently demonstrated that inmate Buchanan has actual knowledge of relevant facts on which to order his attendance at trial. Inmate Buchanan has been located within

1  the California State Prison system.  An order will issue at the

2  appropriate time to cause his appearance to testify at the trial

3  of this case.

4      Accordingly, Plaintiff's motions for the attendance of

5  incarcerated witnesses, filed December 28, 2009, are DENIED as to

6  inmates Jason Ortiz inmate number P72425, Rodney Fleming inmate

7  number E09596, Robert S. Milton inmate number T06653, Eric

8  Jackson inmate number D47735, and James Thompson inmate number

9  C89908; and Plaintiff's motion for the attendance of incarcerated

10 witness, filed December 28, 2009, is GRANTED as to Wittier

11 Buchanan inmate number K02554.

17 IT IS SO ORDERED.

18 Dated:   March 1, 2010          _____/s/ Oliver W. Wanger_____
                                   UNITED STATES DISTRICT JUDGE