# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS, | Case No. 1:04-cv-5466-OWW-SMS PC |
| Plaintiff, | **ORDER SETTING SETTLEMENT CONFERENCE** |
| vs. | Date: May 4, 2010 |
| R. BEER, et al., | Time: 10:00 a.m. |
| | Courtroom: Nine |
| Defendants. | Magistrate Judge Dennis L. Beck |

Plaintiff is a prisoner proceeding pro se with an action under 42 U.S.C. § 1983. This case is referred to Magistrate Judge Dennis L. Beck, to conduct a settlement conference on May 4, 2010, at 10:00 a.m. in Courtroom #9. A separate writ of habeas corpus ad testificandum to transport the plaintiff from Kern Valley State Prison (KVSP) will issue concurrently herewith.

Accordingly, IT IS HEREBY ORDERED that:

1. This case is set for settlement conference before Magistrate Judge Dennis L. Beck, on May 4, 2010, at 10:00 a.m. at the U.S. District Court, 2500 Tulare Street, Fresno, California, in courtroom number 9.

2. Plaintiff shall attend in person, with defendants' lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf. Those in attendance must be prepared to discuss the claims, defenses and damages.

1

Governmental entities may appear through litigation counsel only, but must have immediate access to the individual with settlement authority.[1] The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions.

      3. The parties are directed to submit brief confidential settlement conference statements to the chambers of Magistrate Judge Dennis L. Beck so that they are received no later than April 29, 2010.

IT IS SO ORDERED.

**Dated:   April 21, 2010**             /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.,* 871 F.2d 648, 653 (7th Cir. 1989). The individual must also have "unfettered discretion and authority" to change the settlement position of the party. *Pittman v. Brinker Int'l., Inc.,* 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. *Pitman* at 486. An authorization to settle for a limited dollar amount or sum certain is not adequate. *Nick v. Morgan's Foods, Inc.,* 270 F. 3d 590, 596-97 (8th Cir. 2001)