# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS, | CASE NO. 1:04-cv-05466-OWW-SMS PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO TERMINATE/VACATE VOLUNTARY DISMISSAL AND SETTLEMENT AGREEMENT AND RESCHEDULE JURY TRIAL OR TO DIRECT EXPEDITED PAYMENT AND RETURN OF WITNESS FEES AND TRAVEL EXPENSES |
| v. | |
| R. BEER, et al., | |
| Defendants. | |
| | (Doc. 243) |

**I.  Procedural Background**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Donald Glass (hereinafter "Plaintiff") a state prisoner proceeding pro se.  This case was originally set for trial to begin May 11, 2010.  However, a settlement conference was held May 4, 2010 at which the parties entered into a stipulation for voluntary dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  (Docs. 230, 231.)

December 27, 2010, Plaintiff filed a "Motion to Terminate/Vacate Voluntary Dismissal and Settlement Agreement and Reschedule Jury Trial or Direct Defendants to Pay Plaintiff and Return Witness Fees and Travel Expenses."  (Doc. 243.)  In support of his request to terminate/vacate his voluntary dismissal and the settlement agreement and to reschedule the jury trial, or direct Defendants to pay him, Plaintiff submitted nothing more than argument based on lack of payment, the passage of time, and reiteration of a conversation with the Deputy Attorney General.  (Doc. 243, p. 2.)  Plaintiff requests that the Deputy Attorney General be directed to

arrange for issuance of his settlement check within thirty days, or that the stipulation of voluntary dismissal be terminated and the case be reset for jury trial. (*Id.*)

In opposition, Defendants D. Adkinson, R. Beer, J. Buckley, W. Butts, V. Castillo, N. Dill, J. Gonzales, J. Keener, L. Loren, J. Marshall, D. Morales, R. Sloss, and B. Streeter (hereinafter "Defendants") assert that this court lacks jurisdiction to enforce the settlement agreement, that there are no grounds to set aside the judgment, and that Plaintiff has an alternative remedy via civil action to enforce the settlement contract in state court. (Doc. 247.)

Plaintiff argues in his reply that this Court "should have set a time schedule or a time limitation for allowing Plaintiff to withdraw the conditional voluntary dismissal if Defendants . . . repudiate or intentional [sic] delay or refuse to pay or (honor the settlement agreement once the budget [sic] signed) comply with the terms of the settlement/voluntary dismissal." (Doc. 252, 3:18-23.) Relying on *Lau v. Gelndora Unified School District*, 792 F.2d 929 (9th Cir. 1986), Plaintiff also argues that the Court should have expressly granted him a time frame within which to withdraw from the settlement/voluntary dismissal for lack of payment (*id.*, at 3:24-4:4) and that his voluntary dismissal should be viewed as a dismissal without prejudice under Federal Rule of Civil Procedure 41 (*id.*, at 4:5-12).

## II.     Legal Analysis

### A.     Settlement/Voluntary Dismissal

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375, 377 (1994). A claim for breach of contract or a settlement agreement, even if part of the consideration was dismissal of a federal case, will not provide the basis for federal court jurisdiction. *Id.* at 378. This limited jurisdiction cannot be expanded by judicial decree or consent of the parties. *Id.* (*citing American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17-18 (1951)). Lack of jurisdiction is to be presumed and the burden of proving jurisdiction rests with the party asserting jurisdiction. *Kokkonen,* 511 U.S. at 377. Enforcement of a settlement requires its own basis for jurisdiction. *Id.*

However, even if jurisdiction were assumed, the Ninth Circuit has allowed a judgment

based on a settlement agreement to be set aside under Federal Rule of Civil Procedure 60(b)(6) only under extraordinary circumstances where one of the parties repudiated the agreement. *Keeling v. Sheet Metal Workers Int. Assoc.*, 937 F.2d 408, 410 (9th Cir. 1991).  The issue of whether this Court has jurisdiction to enforce the agreement underlying the Rule 41 stipulation entered in this case need not be reached as Defendants have not repudiated the agreement.  The delay in payment to Plaintiff has been occasioned by the state's budget crisis and an accumulation of numerous concomitant debts which could not be be helped or prevented by the parties.  Defendants submitted evidence that payment of the settlement monies to Plaintiff is eminently forthcoming -- so much so that it may occur prior to the issuance of this order.  Further, particularly given the state's budgetary issues, delay in payment (even if protracted) does not, in and of itself constitute extraordinary circumstances to justify setting aside the stipulation of voluntary dismissal entered in this case.

Further, Plaintiff and Defendants entered into a settlement pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), which provides for dismissal "by filing a stipulation of dismissal signed by all parties who have appeared in the action," and causes dismissal to be with prejudice if (as here) the stipulation so specifies.  Neither Rule 41, nor any provision of law provides for jurisdiction of a court over disputes arising out of an agreement that produces the stipulation. *Kokkonen*, 511 U.S. at 378 ("Enforcement of the settlement agreement, . . . , whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction").

Finally, Plaintiff's argument that, per *Lau*, he should have been given a time frame within which to withdraw the settlement/voluntary dismissal is in error.  *Lau* addressed the imposition of conditions on a plaintiff's motion for voluntary dismissal after the defendant has filed an answer or motion for summary judgment. *Lau*, 792 F.2d at 930-931.  However, the case at bar was resolved via a statement that the *parties* had settled rather than by a request filed *solely* by Plaintiff such that *Lau* is inapplicable. *See e.g. Camacho v. City of San Luis*, 359 Fed. Appx. 794, 797-98 (9th Cir. 2009).

///

B. **Witness Fees and Travel Expenses**

Plaintiff submitted witness fees and travel expenses that were served on three unincarcerated witnesses (Sgt. Rangel, Lt. Nurse Koeppe, and Sgt. Scaife) to compel their attendance at trial.

When the case resolved short of trial, Sgt. Rangel returned the monies he received to the Court. Subsequently, the monies from Lt. Nurse Koeppe were also returned and, per Plaintiff's request, both sums were forwarded to Ms. Michelle Franklin. In their opposition, Defendants advised that the monies served on Sgt. Scaife had been surrendered to and deposited in the account of California State Prison – Corcoran and that the check for the return of the fees was being processed. (Doc. 248.) In fact, March 29, 2011, a check for Sgt. Scaife's witness fees and travel expenses was filed in this case. April 6, 2011, an order issued for the Clerk of the Court to forward Sgt. Scaife's witness fees and travel expenses to Ms. Franklin. (Doc. 249.) At the writing of this order, all of the witness fees and travel expenses which Plaintiff served for attendance at trial of the three unincarcerated witnesses (Sgt. Rangel, Lt. Nurse Koeppe, and Sgt. Scaife) have been received and, per Plaintiff's request, forwarded to Mrs. Franklin.

Accordingly, the portion of Plaintiff's motion which seeks reimbursement for the witness fees and travel expenses which were paid for the three unincarcerated witnesses to attend the trial in this matter is moot.

**III. Conclusion**

Based on the above, extraordinary circumstances not having been shown such that Plaintiff's motion to terminate/vacate voluntary dismissal and settlement agreement and reschedule jury trial or direct defendants to pay Plaintiff, filed December 27, 2010, is HEREBY DENIED. Further, Plaintiff's request that the witness fees and travel expenses be returned is DENIED as moot.

IT IS SO ORDERED.

Dated:   April 19, 2011                          /s/ Oliver W. Wanger
                                                UNITED STATES DISTRICT JUDGE

4